# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ROSS, BROVINS & OEHMKE, P.C.
d/b/a LAWMODE
a Michigan corporation,

        Plaintiff,

vs.

LEXIS/NEXIS, a Division of Reed Elsevier
Group, PLC, a British Corporation, and owner
of Matthew Bender & Co., Inc., a New York
corporation, d/b/a Capsoft Development
Corporation,
        Defendant.

Case No.  03-74474
Honorable  Nancy G. Edmunds
(Magistrate Judge Steven D. Pepe)

_____/

Thomas H. Oehmke (P22963)
11997 E. Camp Haven Rd.
Northport, MI 49670
(231) 386-7018

*Attorneys for Plaintiff*

BUTZEL LONG
James E. Stewart (P23254)
Laurie J. Michaelson (P47214)
350 South Main Street, Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110

- and -

PROSKAUER ROSE LLP
Charles S. Sims
Scott R. Landau
1585 Broadway
New York, New York  10036
(212) 969-3950

*Attorneys for Defendant*

_____/

# LexisNexis's Motion to Dismiss Or,
# In the Alternative, For Summary Judgment

    Defendant LexisNexis, a division of Reed Elsevier Group, PLC ("LexisNexis"), moves

this Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or 56, for an Order of

dismissal, or in the alternative for summary judgment, with respect to all the common law claims asserted by Plaintiff Ross, Brovins & Oehmke, P.C., doing business as LawMode ("LawMode").

This Motion is based upon the facts, arguments, legal authority and supporting materials in the Defendant's accompanying Memorandum of Law in Support of this Motion.

Pursuant to E. D. Michigan Local Rule 7.1, the Defendant sought, but was unable to obtain, concurrence in the relief requested by this Motion.

WHEREFORE, Defendant respectfully requests that the Court grant its Motion and dismiss Plaintiff's First Amended Complaint.

February 14, 2007

BUTZEL LONG

BY: _____s/LAURIE J. MICHELSON_____
James E. Stewart (P23354)
Laurie J. Michelson (P47214)
350 South Main Street, Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110
[P47214]
michelso@butzel.com
*Attorneys for Defendants*

*Of Counsel:*
Charles M. Sims
Scott R. Landau
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3950

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ROSS, BROVINS & OEHMKE, P.C.
d/b/a LAWMODE
a Michigan corporation,

        Plaintiff,

vs.

LEXIS/NEXIS, a Division of Reed Elsevier
Group, PLC, a British Corporation, and owner
of Matthew Bender & Co., Inc., a New York
corporation, d/b/a Capsoft Development
Corporation,

        Defendant.

Case No.  03-74474
Honorable  Nancy G. Edmunds
(Magistrate Judge Steven D. Pepe)

_____/

Thomas H. Oehmke (P22963)
11997 E. Camp Haven Rd.
Northport, MI 49670
(231) 386-7018

*Attorneys for Plaintiff*

BUTZEL LONG
James E. Stewart (P23254)
Laurie J. Michaelson (P47214)
350 South Main Street, Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110

- and -

PROSKAUER ROSE LLP
Charles S. Sims
Scott R. Landau
1585 Broadway
New York, New York  10036
(212) 969-3950

*Attorneys for Defendant*

_____/

## MEMORANDUM OF LAW IN SUPPORT OF LEXISNEXIS'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

**Concise Statement of the Issues Presented**

1.     Whether LawMode's claims for breach of contract (Count I) should be dismissed on the grounds of law of the case, for improperly attempting to restate and reassert allegations the substance of which have previously been adjudicated as insufficient and dismissed by this Court, and/or for failure to state a cause of action.

2.     Whether LawMode's claim for breach of the duty of good faith and fair dealing (Count II) should be dismissed on summary judgment as a matter of law.

3.     Whether LawMode's claim for tortious conversion (Count III) should be dismissed for improperly attempting to restate and reassert allegations identical to those contained in LawMode's unfair competition claim that was previously withdrawn with prejudice, and because the claim is in any event pre-empted by federal copyright law.

4.     Whether LawMode's claim for fraudulent inducement should be dismissed for failure to state a cause of action, and as waived.

Table of Contents

Page

TABLE OF AUTHORITIES .................................................................................................iii

PRELIMINARY STATEMENT.......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

I.      Background ......................................................................................................... 3

II.     Procedural Posture ............................................................................................ 4

ARGUMENT ...................................................................................................................... 6

I.      DISMISSAL IS APPROPRIATE AS TO LAWMODE'S BREACH OF
        CONTRACT ALLEGATIONS.................................................................................. 6

        A.      Most of the Allegations in Count I of LawMode's First Amended
                Complaint Were In Substance Previously Asserted in LawMode's
                Original Complaint And Subsequently Dismissed By This Court ............ 6

        B.      LawMode's Allegation in Paragaph 26(a) of the First Amended
                Complaint Fails To State a Cause of Action .......................................... 11

II.     SUMMARY JUDGMENT IS APPROPRIATE ON LAWMODE'S  BREACH
        OF GOOD FAITH AND FAIR DEALING CLAIM............................................ 12

III.    LAWMODE'S CLAIM FOR TORTIOUS CONVERSION SHOULD BE
        DISMISSED.................................................................................................... 14

        A.      LawMode's Claim for Tortious Conversion is an Improper
                Recitation of LawMode's Unfair Competition Allegations Previously
                Made and Withdrawn With Prejudice ................................................... 14

        B.      LawMode's Claim For Tortious Conversion Is Pre-empted by Federal
                Copyright Law ..................................................................................... 15

        C.      LawMode's Claim For Tortious Conversion Claim Depends on a
                Contractual Duty and Is therefore Subject to Dismissal ...................... 15

IV.     LAWMODE'S CLAIM OF FRAUDULENT INDUCEMENT FAILS
        TO STATE A CAUSE OF ACTION ................................................................. 16

        A.      LawMode's Fraudulent Inducement Claim is Entirely Based on Non-
                actionable Post-Contracting Conduct and Representations..................... 16

B.     LawMode Waived its Right to Complain About LexisNexis's Alleged
Representations ......................................................................................... 18

CONCLUSION .............................................................................................................. 19

# TABLE OF AUTHORITIES

**CASES**

*Belle Isle Grill Corp. v. City of Detroit*,
    256 Mich. App. 463 (2003) ............................................................................ 12

*Compuware Corp. v. IBM*,
    No. 02-CV-70906, 2002 US Dist. LEXIS 25827 (E.D. Mich. July 25, 2002) ...................... 12

*EB-Bran Prods. v. Warner Elektra Atlantic, Inc.*,
    2005 U.S. Dist. LEXIS 28621 (E.D. Mich. Nov. 18, 2005).............................................. 2, 15

*Fuller v. Integrated Metal Technology, Inc.*,
    154 Mich. App. 601 (Mich. App. 1986)............................................................................ 10

*GE Capital Corp. v. DirecTV, Inc.*,
    94 F. Supp. 2d 190 (D. Conn. 1999) .................................................................................. 17

*GE Healthcare Fin. Servs. v. Cardiology & Vascular Assocs.*,
    2006 U.S. Dist. LEXIS 18745 (E.D. Mich. April 12, 2006) ................................................. 17

*Huron Tool & Eng's Co. v. Precision Consulting Servs., Inc.*,
    209 Mich. App. 365 (1995) .......................................................................................... 16, 17

*In re Ford Motor Co. Sec. Litig.*,
    381 F.3d 563 (6th Cir. 2004) .................................................................................*Passim*

*IntraState Distributors, Inc. v. NBTY Manufacturing, LLC*,
    2005 Mich. App. LEXIS 3256 (Mich. Ct. App. Dec. 22, 2005) ........................................... 18

*Karkoukli's, Inc. v. Walgreen Co.*,
    2004 Mich. App. LEXIS 680 (Mich. Ct. App. Mar. 9, 2004) ............................................... 17

*London v. American Hearing Ctrs., Inc.*,
    2004 Mich. App. LEXIS 2463 (Mich. Ct. App. Sept. 23, 2004).................................... 12, 16

*Mansoori v. Birmingham Imports, Inc.*,
    2006 Mich. App. LEXIS 899 (Mich. Ct. App. Mar. 28, 2006) ............................................ 16

*Martin v. City of East Lansing.*,
    249 Mich. App. 288 (2001) .............................................................................................. 18

*Murray Hill Publ'ns, Inc. v. ABC Communs., Inc.*,
    264 F.3d 622 (6th Cir. 2001) ........................................................................................... 15

Table of Authorities
(continued)

Page

*Ritchie v. Williams,*
    395 F.3d 283 (6th Cir. 2005) ......................................................... 2, 15

*Ronan v. Hofmann,*
    2006 Mich. App. LEXIS 3156 (Mich. App. Oct. 24, 2006).......................................6

*Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis,*
    348 F. Supp. 2d 845 (E.D. Mich. 2004),
    *aff'd,* 463 F.3d 478 (6th Cir. 2006) ............................................................*Passim*

*Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis, Ross,*
    Case No. 03-74474 (E.D. Mich. Jan. 3, 2005).......................................................5

*S.J. Capelin Assocs., Inc. v. Globe Mfg. Corp.,*
    34 N.Y.2d 338 (1974) ......................................................... 12

*Samuel D. Begola Servs. v. Wild Brothers,*
    210 Mich. App. 636 (1995) ......................................................... 17

*Stromback v. New Line Cinema,*
    384 F.3d 283 (6th Cir. 2004) .........................................................13-15

*Watkins & Son Pet Supplies v. Iams Co.,*
    254 F.3d 607 (6th Cir. 2001) ......................................................... 17

**OTHER AUTHORITIES**

48 Am. Jur. Proof of Facts 3d 329 ......................................................... 18

Fed. R. Civ. P. 9(b) ......................................................... 4

Fed. R. Civ. P. 12(b)(6).........................................................1, 5-6

Fed. R. Civ. P. 56.........................................................5-6

iv

## PRELIMINARY STATEMENT

Defendant LexisNexis, a division of Reed Elsevier Group, PLC ("LexisNexis"),
respectfully submits this Memorandum of Law in support of its motion to dismiss, or in the
alternative for summary judgment, with respect to all the common law claims asserted by
plaintiff Ross, Brovins & Oehmke, P.C., doing business as LawMode ("LawMode").

As the Court will recall, the principal claim in this case was a copyright claim, which this
Court dismissed as a matter of law in a decision affirmed by the Sixth Circuit.  Defendant had
understood that LawMode had chosen to stand or fall on the basis of the copyright claim and the
single breach of contract claim dismissed by the District Court (which the Court of Appeals held
was not properly dismissed under Rule 12(c), but which it suggested might well be rejected on
summary judgment).  LexisNexis was accordingly surprised, to say the least, by the First
Amended Complaint filed in December 2006 ("FAC")[1] by LawMode, which resurrected claims
previously dismissed by this Court and additional claims that LawMode had voluntarily
dismissed in order to obtain a final judgment subject to appellate review.  In any event, all the
claims asserted by LawMode in the FAC are subject to dismissal or summary judgment.

Insofar as Count I – LawMode's breach of contract claims, alleging that LexisNexis and
its predecessors breached the "Content Development Agreement" (the "Agreement")[2] with
LawMode – is concerned, the claims asserted in paragraphs 23-25 and 26(b) of the FAC were
previously asserted in LawMode's original Complaint, and subsequently dismissed by this

---

[1]  A copy of the FAC is attached hereto as Appendix A.

[2]  The Agreement, a copy of which was attached as Exhibit A to LawMode's original Complaint filed on November 5, 2003, has been "Incorporated by Reference as Filed with Original Complaint" in LawMode's First Amended Complaint ("FAC") at p. 21.  For the Court's convenience, a copy of the Agreement is attached hereto as Appendix B.

Court.[3]  Having already been adjudicated as insufficient, those claims are once again subject to dismissal.

The breach of contract claim pleaded in paragraph 26(a) is subject to dismissal for failure to state a cause of action because the undisputed facts show that what LexisNexis was selling after February 2002 was its own work, not LawMode's.

LawMode's claims for breach of the duty of good faith and fair dealing (Count II, ¶¶ 27-29) fail to state a cause of action because Michigan law recognizes no such claim.  Moreover, on the undisputable facts, LawMode has no pertinent trade secrets, the Agreement provides for no trade secrecy or provision for (or protections of) confidentiality, and LexisNexis did not utilize any trade secrets or other confidential information allegedly disclosed by LawMode in creating and marketing its own work.

LawMode's claim for tortious conversion (Count III) should be dismissed for improperly attempting to restate and reassert allegations identical to those contained in LawMode's unfair competition claim that were previously withdrawn with prejudice, and because the claim is in any event pre-empted by federal copyright law.  *Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005); *EB-Bran Prods. v. Warner Elektra Atlantic, Inc.*, 2005 U.S. Dist. LEXIS 28621, at *5-6 (E.D. Mich. Nov. 18, 2005) (Edmunds, J.).

Finally, LawMode's claim for fraudulent inducement (Count IV) fails to state a cause of action, because the Agreement gave LexisNexis (and its predecessors) an unqualified right to terminate on providing 90 days notice, which LexisNexis gave, and because the claim is based not on false statements of present fact but only on promises related to future performance.  Nor

---

[3]  *See* the December 9, 2004 Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment (hereinafter the "12/9/04 Order"), *Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis*, 348 F. Supp. 2d 845 (E.D. Mich. 2004), *aff'd*, 463 F.3d 478 (6th Cir. 2006).

may LawMode complain of LexisNexis's alleged misrepresentations in any event, having

unilaterally opted to affirm the Agreement despite those alleged statements.

## STATEMENT OF FACTS

I.    Background

Plaintiff LawMode is a Michigan professional service corporation and law firm (FAC ¶

4).  From 1997 until February 26, 2002, LawMode was party to the Agreement with LexisNexis

or its predecessors (successively, Capsoft Development Corporation ("Capsoft") and then

Matthew Bender & Co, Inc. ("Bender").) (FAC ¶¶ 2, 14, and Agreement, Appendix B).  Under

the Agreement, LawMode promised to create, modify and supplement, on a periodic basis, a

software product, which Capsoft (and later its successors) were to market and sell. (*Id.*

Agreement, at Appendix B).  The Agreement, which is fully integrated (*See id.* at ¶ 12), imposes

no obligations of secrecy or confidentiality on either LexisNexis or LawMode.

The Agreement was for a term of three years, with automatic renewal for one-year terms

"unless written notice of termination is given by either party at least 90 days prior to the end of a

term." (*Id.* Agreement, Appendix B § 7(a).).  LexisNexis, Capsoft's successor-in-interest,

terminated the Agreement by notice[4] dated November 2, 2001, effective February 27, 2003.  (*Id.*

¶ 19; Complaint Ex. B).

The software product was to consist of automated legal forms, and the automation was to

be undertaken using Capsoft's own computer software application, HotDocs®.  (FAC ¶ 5).

LawMode used HotDocs® to automate legal forms, creating computer templates (referred to in

the FAC as "Content") that attorneys could use to generate filled-in, client-appropriate legal

---

[4]  A copy of LexisNexis' notice of termination dated November 2, 2001, as attached as Exhibit B to LawMode's
original Complaint, has also been "Incorporated by Reference as Filed with Original Complaint" in LawMode's
First Amended Complaint (*see* FAC at p. 21), and is referred to here as "Complaint Ex. B."

forms. (FAC ¶ 10).  Pursuant to the Agreement, LawMode "created, modified, updated and supplemented a software Product which was commercially sold by Lexis Nexis and, in its last release, was entitled *LexisNexis™ Automated Michigan Forms* (2541 Release August 2001 ISBN 82054-32-84)" (hereinafter the "LawMode Work"), from 1997-2002.  (*Id.* ¶¶ 6, 9).

In November 2001, two months after publication of the August 2001 version of LawMode's Work, LexisNexis notified LawMode, in accordance with Section 7a of the Agreement, that it had opted to terminate the Agreement. (FAC ¶ 19; Complaint Ex. B).  Eight months after termination of the Agreement, in July 2002, Lexis Nexis released its own product entitled *LexisNexis™ Automated Michigan SCAO Forms*, which was later updated in April 2003 (2584 Release ISBN 82055-44-48) (collectively the "LexisNexis Work").  (FAC ¶ 19).  This Court and the Sixth Circuit both held, as a matter of law, that the LexisNexis work was not "content" owned by LawMode.

II.    Procedural Posture

In November, 2003, LawMode filed a seven-count complaint against LexisNexis, alleging claims for copyright infringement, state-law claims for breach of contract, and various state-law claims alleging business torts.  After filing the complaint, LawMode stipulated and this Court granted leave for withdrawal of LawMode's Lanham Act, Unjust Enrichment, and Unfair Competition Claims, with prejudice.  *See Ross, Brovins & Oehmke*, 348 F. Supp. 2d at 861.

After discovery, LexisNexis moved to dismiss or for summary judgment.  In the 12/9/04 Order, this Court granted summary judgment for LexisNexis on LawMode's copyright claim, held that LawMode's fraud and misrepresentation claims failed to meet the specificity requirements of Fed. R. Civ. P. 9(b) (but granted LawMode leave to replead), granted LexisNexis's motion to dismiss all the breach of contract allegations other than the one pled in ¶ 48(b), dismissed all the claims for Breach of Duty of Good Faith and Fair Dealing other than the one

concerning trade secrets, and denied LexisNexis's motion to dismiss the allegations alleging "unfair trade practices." *See id.* at 860-65. Subsequently, in order to make this Court's order final and therefore appealable, LawMode voluntarily dismissed all of its remaining claims other than Fraud and Misrepresentation and Breach of Duty of Good Faith & Fair Dealing, as memorialized in this Court's Stipulation and Order dated January 3, 2005. *See Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis,Ross*, Case No. 03-74474 (E.D. Mich. Jan. 3. 2005) (STIPULATION AND ORDER of Dismissal as to Count VI and Count VII of Plaintiff's Complaint, signed by Honorable Nancy G Edmunds).

On appeal, the Sixth Circuit affirmed the dismissal of the copyright claim, but reversed the dismissal of the breach of contract claim pled in ¶ 48(b), noting that while dismissal under Rule 12(c) was improper, "the matter may be appropriate for summary judgment," and remanded for additional proceedings consistent with its opinion. *Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis Group*, 463 F.3d 478, 488 (6th Cir. 2006).

Subsequent to remand from the Sixth Circuit—and without leave of this Court—LawMode filed its FAC on November 2, 2006. LexisNexis now moves for dismissal to the extent appropriate under Fed. R. Civ. P. 12(b)(6), and to the extent that material beyond the pleading is considered¸ for summary judgment pursuant to Fed. R. Civ. P. 56.[5]

---

[5] As this Court itself noted in its 12/9/04 Order, "whether LawMode can amend as of right," without a prior grant of leave, "is murky" because "the parties agreed that th[e] motion for summary judgment would be 'in lieu' of the answer." *Ross, Brovins & Oehmke*, 348 F. Supp. 2d at 864. LexisNexis has concluded that the efficient course is to move to dismiss or for summary judgment, because the law is sufficiently unclear that the Court would consider permissive amendment and therefore the merits of each of LawMode's claims in any event.

**ARGUMENT**

**LAWMODE'S CLAIMS ARE RIPE FOR
DISMISSAL AND/OR SUMMARY JUDGMENT**

All of the claims asserted in LawMode's amended complaint fail as a matter of law.  The

majority of LawMode's claims are ripe for dismissal for failure to state a claim pursuant to Fed.

R. Civ. P. 12(b)(6), or because they merely restate and seek to reinstate claims that have already

been dismissed by this Court.  *See In re Ford Motor Co. Sec. Litig.*, 381 F.3d 563, 573 (6th Cir.

2004) (even if "better organized," where "amended complaint presents the same legal theories as

the previously dismissed complaint," district court did not err in dismissing); *Ronan v. Hofmann*,

2006 Mich. App. LEXIS 3156, at *16 (Mich. App. Oct. 24, 2006) ("[a]n amendment is futile if it

merely restates allegations already made or adds new allegations that fail to state a claim").  The

remainder of LawMode's claims are ripe for summary judgment pursuant to Fed. R. Civ. P. 56.

**I.      DISMISSAL IS APPROPRIATE AS TO LAWMODE'S
         BREACH OF CONTRACT ALLEGATIONS**

A.      Most of the Allegations in Count I of LawMode's First Amended Complaint
         Were In Substance Previously Asserted in LawMode's Original Complaint And
         Subsequently Dismissed By This Court

As detailed below, nearly all of the allegations in Count I ("Breach of Contract") of the

FAC were, in substance, previously asserted in LawMode's original Complaint, and subsequent-

ly dismissed by this Court.  Where, as here, an Amended Complaint simply reasserts, in a

reorganized fashion, legal theories that were previously dismissed by the court, dismissal is again

appropriate.  *In re Ford Motor Co. Sec. Litig.*, 381 F.3d 563, 573 (6th Cir. 2004).

1.    ¶ 23(a)

Paragraph 23(a) of LawMode's FAC alleges that "LexisNexis (while conducting business as Capsoft) breached the parties' Agreement" by

> providing prospective customers with complimentary copies of LawMode's Original Work as a promotion to induce Capsoft customers to purchase other Capsoft software without LawMode's consent and without paying LawMode any licensing fees (contrary to ¶ 4, Agreement).

This allegation is, in substance, the same as LawMode's allegation in ¶ 48(d) of its original Complaint, alleging that "as successor-in-interest to the Content Development Agreement . . . Defendant Lexis/Nexis is liable for express and implied contractual obligations to LawMode that were not met . . . including":

> Marketing Defendant's Derivative Work to the same subscribers (i.e., installed computer user base) whose product loyalty and initial purchases were earned by LawMode's creative and marketing efforts from 1997 to 2002.

(Complaint, ¶ 48(d)).  As this Court previously noted in dismissing this allegation, LexisNexis' "market[ing] its own work to the purchasers of LawMode's Work, exploiting the product loyalty and initial purchases earned by LawMode" could not "constitute a breach of the Agreement," as "there is no non-compete clause preventing LexisNexis from selling its own product to prior customers of LawMode's Work after the Agreement terminated." *Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis*, 348 F. Supp. 2d 845, 863 (E.D. Mich. 2004).  For this reason, LawMode's allegation now restated in FAC ¶ 23(a) similarly fails to state a cause of action, and must again be dismissed.  *See In re Ford Motor Co. Sec. Litig.*, 381 F.3d at 573.

2.    ¶ 23(b)

Paragraph 23(b) of the FAC alleges that "LexisNexis (while conducting business as Capsoft) breached the parties' Agreement" by

publishing templates containing content unapproved by LawMode (contrary to ¶2(b), Amended Agreement).

This allegation is, in substance, identical to ¶ 48(a) of the original Complaint, which alleged that "as successor-in-interest to the Content Development Agreement . . . Defendant Lexis/Nexis is liable for express and implied contractual obligations to LawMode that were not met . . . including"

> modification of Content without LawMode's approval (violating ¶ 2(b) of Amendment dated 04 May 1997) *by failing to publish and market the final templates as approved by LawMode.*

(emphasis added)).  As this Court previously noted in dismissing ¶ 48(a), LexisNexis's alleged "fail[ure] to timely and correctly publish revised or updated versions of LawMode's Work" could not "constitute a breach of the Agreement," as "there is no provision prohibiting Capsoft from selling LawMode's Work without updates or revisions . . . ."  *Ross, Brovins & Oehmke*, 348 F. Supp. 2d at 862-63.  The substance of LawMode's allegation in ¶ 23(b) of its Amended Complaint having previously been deemed not to constitute a breach of the Agreement, it must again be dismissed.  *See In re Ford Motor Co. Sec. Litig.*, 381 F.3d at 573.

    2.    ¶¶ 23(c), 24(a), and 25(a)

Paragraphs 23(c), 24(a), and 25(a) of the FAC allege that LexisNexis, while conducting business successively as Capsoft, Matthew-Bender and LexisNexis,

> breached the parties' Agreement . . . by failing to  . . . give its 'best efforts' to market products' (contrary to ¶ 3(c), Amended Agreement) a requirement which was modified, from time to time, by mutual assent.

These allegations are legally indistinguishable from ¶ 48(e) of LawMode's original Complaint, which alleged that LexisNexis breached the parties Agreement by

> failing to meet promised production deadlines which discouraged new and renewal subscribers and which diminished the reliability of LawMode's Copyrighted Work in the eyes of purchasers [sic] and potential purchasers.

As this Court previously noted in dismissing this allegation, LexisNexis' alleged "fail[ure] to meet promised production deadline, which hurt the image of LawMode's Work in the eyes of its purchasers" did not "constitute a breach of the Agreement," as "[t]he Agreement does not provide any time period for Capsoft to publish updates or revisions . . ." *Ross, Brovins & Oehmke*, 348 F. Supp. 2d at 863. For this reason, LawMode's allegations, now restated in FAC ¶¶ 23(c), 24(a), and 25(a), similarly fail to state a cause of action, and must again be dismissed.

       3.      <u>¶ 23(d), ¶ 24(b), and ¶ 25(b)</u>

Paragraph 23(d) of the FAC alleges that "LexisNexis (while conducting business as Capsoft) breached the parties' Agreement in these and other ways by failing or neglecting to produce quarterly licensing statements and failing to timely pay LawMode its earned license fee (¶ 4(d)), Amended Agreement." Paragraphs 24(b) and 25(b) of the FAC similarly assert that LexisNexis, while Lexis-Nexis and its predecessor "breached the parties' Agreement . . . by . . . failing to pay LawMode a '50% Internet' licensing fee (up from 30%) for sales of LawMode's Original Work on the Internet."

These allegations are legally indistinguishable from LawMode's allegation in its original Complaint, in ¶ 48(g), that LexisNexis breached "by failing to pay LawMode a '50% internet' licensing fee (up from 30%) for sales of LawMode's Copyrighted Work on the Internet." This Court previously dismissed that allegation. *Ross, Brovins & Oehmke*, 348 F. Supp. 2d at 862. Because ¶¶ 23(c), 24(b) and 25(b) of the FAC simply restate claims identical to those were previously dismissed by this Court, they too should be dismissed. *See In re Ford Motor Co. Sec. Litig.*, 381 F.3d at 573.

4.       ¶ 26(b)

Paragraph 26(b)[6] of the FAC alleges that "Lexis Nexis (while conducting business as

Lexis Nexis and after terminating LawMode's amended Agreement effective February 2002,

breached the parties' Agreement in these and other ways by" [sic]:

> Selling LawMode's Original Work (outdated because it had not been updated
> with revised and newly-released forms) for five months (until about July 2002
> when Lexis Nexis first introduced its Similar Work entitled *LexisNexis Automated
> Michigan SCAO Forms* (2584 Release July 2002 ISBN 82055-44-48) (hereafter
> called 'Similar Work')  . . ."

This allegation is legally indistinguishable from LawMode's allegation in its original Complaint,

¶ 48(c), that LexisNexis breached by:

> Continuing to sell some $14,507 or more of LawMode's Copyrighted Work
> (including Content and templates) after terminating the Agreement on 26
> February 2002 (with such sales violating ¶ 7(d) of the Agreement dated 27
> February 1997) which states, "Upon termination of this Agreement for any
> reason, Capsoft shall cease marketing and distribution of Products"; LexisNexis
> remitted only $4,352 to Plaintiff in licensing fees.

This Court previously dismissed that allegation  *Ross, Brovins & Oehmke, P.C.*, 348 F. Supp. 2d

at 863; *see also Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 488 (6th Cir.

2006) (recognizing that the allegation in ¶ 48(b) of the Complaint was the only allegation that

remained after the District Court's 12/9/04 Order granting partial dismissal and summary

judgment).  Because ¶ 26(B) of the FAC simply restates a claim identical to one that was

dismissed by this Court, it too should be dismissed.[7]  *See In re Ford Motor Co. Sec. Litig.*, 381

F.3d at 573.

---

[6]  The Sixth Circuit's disposition left LawMode's ¶ 48.b claim for summary judgment (for at least another day)
precisely because that allegation on its face could be read to allege that LexisNexis was literally selling not its new
product which was allegedly "similar" to LawMode's but the very disks that LawMode had created during the
preceding few years.  LawMode has split that allegation off and pleaded it in ¶26.b, which we address immediately
below.

[7]  Review of LexisNexis's records indicates that summary judgment would in any event be appropriate on this
claim.  According to LexisNexis sales and royalty spreadsheets and notes, LexisNexis Product Services discontinued

B.    LawMode's Allegation in Paragraph 26(a) of the First Amended
        Complaint Fails To State a Cause of Action

Paragraph 26(a) of the FAC alleges that "Lexis Nexis (while conducting business as

Lexis Nexis and after terminating LawMode's amended Agreement effective February 2002,

breached the parties' Agreement" by

> *reverse engineering* LawMode's Templates so as to produce computer screens
> showing Dialog Boxes which were *substantially similar* as those generated by
> LawMode's Templates in its Original Work which was contrary to certain
> provisions of the parties' contract which " . . . by their sense or context [were]
> meant to survive termination of this Agreement" [¶ 7(e), Agreement], including
> (i) LawMode's ownership of all 'content . . .' and (ii) "The fact that '[u]pon
> termination of this Agreement . . . [Lexis Nexis] shall cease marketing and
> distribution of products" which "means Content . . .' [¶¶ 1(c) and 7(d),
> Agreement]."

(emphasis added).  Even if taken as true, such allegations fail to state a claim for breach of

contract, the Sixth Circuit having explicitly recognized that  ". . . independently created HotDocs

templates are not 'Content' under the 1997 or 1999 Agreement because LawMode did not create

or deliver the templates to Lexis . . .", and thus that the marketing and/or sale of same could not

constitute a breach of the Agreement.  *Ross, Brovins & Oehmke,* 463 F.3d at 488.  LawMode's

allegation here, in substance, is that LexisNexis "reverse engineer[ed] LawMode's Templates"

and independently produced "similar" material but not the LawMode content itself.  (FAC ¶

26(a)).  Even if "similar" or "reverse engineer[ed], those templates were in fact created by

LexisNexis, and *not* by LawMode—and thus cannot qualify as "Content."  As the Sixth Circuit

stated, the marketing and sale of material that does not qualify as "Content" cannot constitute a

---

new sales of the LawMode Product on February 27, 2002, and continued to July only renewal product sales to
existing customers.  (Stein Decl. 8 (attached hereto as Appendix C).)  Revenues on renewal sales from March 2002
to July 2002 totaled $7840.90, of which LawMode was paid its 30% royalty, quarterly, in the amount of $2552.37
(Id. 8) (and indeed almost double that amount, because of a mistake, *id.* 9).  LawMode's acceptance of these
royalty payments operates as an accord and satisfaction, *see, e.g., Fuller v. Integrated Metal Technology, Inc.*, 154
Mich. App. 601 (Mich. App. 1986), and in any event operates as an implied license and/or waiver, warranting
summary judgment in LexisNexis's favor on this claim as well.

breach of the Agreement. Because that is exactly what FAC ¶ 26(a) alleges that LexisNexis sold, the allegation fails to state a cause of action for breach.

## II.    SUMMARY JUDGMENT IS APPROPRIATE ON LAWMODE'S BREACH OF GOOD FAITH AND FAIR DEALING CLAIM

LawMode has studiously refrained from asserting any claim for misappropriation of trade secrets in both its initial and now the First Amendment Complaint, but attempted to avoid the requirements of such a claim (which it knows it cannot meet) by using references to "trade secrets" in a claim for breach of the duty of good faith and fair dealing (Count II, ¶ ¶ 27-29). That effort fails as a matter of law, since "Michigan does not recognize an action for breach of an implied covenant of good faith and fair dealing." *London v. American Hearing Ctrs., Inc.*, 2004 Mich. App. LEXIS 2463, at *14 (Mich. Ct. App. Sept. 23, 2004); *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476 (2003).

Since LawMode has now twice declined to plead a misappropriation of trade secrets claim, there is no basis for the Court to treat it as such. In any event, such a claim could not succeed, as it is defectively pleaded. *See, e.g. Compuware Corp. v. IBM*, No. 02-CV-70906, 2002 US Dist. LEXIS 25827, at *19 (E.D. Mich. July 25, 2002) (trade secrets must be identified "clearly, unambiguously, and with specificity"); *S.J. Capelin Assocs., Inc. v. Globe Mfg. Corp.*, 34 N.Y.2d 338, 341-43 (1974) (defining trade secrets in "conclusory fashion" is insufficient). None of the items specified in ¶ 27 is even conceivably a "trade secret" here, and so even if the Court were disposed to treat the breach of the duty of good faith and fair dealing claim as a trade secret misappropriation claim, dismissal would be appropriate.

LawMode identified the following as "trade secrets, trade dress, methods and processes":

(a) LawMode's sources of research; (b) a selection (which included and excluded hundreds of SCAO and other government forms), including the sources of those legal forms and

their revisions, (c) data from Michigan practice categories which indicated there was a market for certain Content but not for other Content; (d) identification of Michigan legal and other markets and submarkets for the Product; (e) intelligence about competitors and their competing products; (f) legal expertise in coding SCAO . . . . (g) other grade secrets and practices related to creating and marketing the Product." FAC ¶ 27. As a matter of law, given the context here discussed in the decisions of this Court and the Sixth Circuit, none of that is colorably a trade secret, or sufficiently definite to preclude dismissal of this claim as a matter of law. *See generally Ross, Brovins v. Lexis/Nexis,* 463 F.3d at 478; *id.*, 348 F. Supp. 2d at 845.

What is more, the Agreement is wholly inconsistent with any trade secrecy or confidentiality claim, as it imposed no secrecy or confidentiality obligations on LexisNexis, did not provide that anything LawMode brought to the project was confidential, and provided for no ongoing measures to maintain the confidentiality of any proprietary information belonging to LawMode. Indeed, the Agreement contains no mention of confidentiality or secrecy *at all.* The Agreement *does*, however, contains an integration clause—and because it is fully incorporated (*See* Agreement, Appendix B at ¶ 12), no such obligations can be read into the Agreement. Where, as here, there was no agreement between parties with respect to obligations of secrecy or confidentiality, no cause of action for conversion of allegedly confidential or secret information can be stated. *Stromback v. New Line Cinema*, 384 F.3d 283, 303 (6th Cir. 2004) ("a plaintiff alleging such a claim [misappropriation of trade secrets] must prove the existence and breach of a confidential relationship").

### III. LAWMODE'S CLAIM FOR TORTIOUS CONVERSION SHOULD BE DISMISSED

A. LawMode's Claim for Tortious Conversion is an Improper Recitation of LawMode's Unfair Competition Allegations Previously Made and Withdrawn <u>With Prejudice</u>

In the FAC, LawMode alleges that "[a]fter terminating the Agreement, Lexis Nexis sold its Similar Work to the subscribers of LawMode's Original Work, expressly or impliedly representing the Similar Works to be a supplement or update to LawMode's original work . . ." (*Id.* ¶ 30). The allegations made to support this contention are identical in substance and nearly identical in form to allegations made in the "Common Law Unfair Competition" claim of LawMode's original Complaint (*see* ¶ 30), which LawMode withdrew *with prejudice. See Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis*, 348 F. Supp. 2d 845, 861 (E.D. Mich. 2004).

For example, the FAC's claim that LexisNexis "granted a 15% discount to purchasers of the Lexis Nexis Similar Work if a potential purchaser had been a subscriber of LawMode's Original Work" (FAC ¶ 30(a)), is nearly identical to LawMode's previously withdrawn claim that LexisNexis "grant[ed] a discount to LawMode's subscribers to continue their subscriptions . . ." (Complaint at ¶ 54(b)). Similarly, the FAC's allegation that LexisNexis "used a confusingly similar title for its Similar Work . . ." (FAC ¶ 30(b)), is in form and substance indistinguishable from LawMode's previously withdrawn allegation that LexisNexis "used a title for its Derivative Work that is confusingly and substantially similar to that of LawMode's Copyrighted Work" (Complaint at ¶ 54(c)). The FAC's assertion that LexisNexis "used a confusingly similar color and art work on the Similar Work . . ." (FAC ¶ 30(c)), *is* identical to LawMode's previously withdrawn claim that LexisNexis "used a confusingly similar color and image on the art work on the Derivative Work . . ." (Complaint ¶ 54(d)). And finally, the FAC's claim that LexisNexis "priced the Similar Work ($300) substantially the same as LawMode's Original Work ($295)"

(Amended Complaint at ¶ 30(d)), is also identical to LawMode's previously withdrawn claim that LexisNexis "[p]ric[ed] the Derivative Work ($300) at the same price point as LawMode's copyrighted work ($295)" (Complaint at ¶ 54(e)).

Since LawMode expressly withdrew *with prejudice* those allegations and the claim they supported, (*see Ross, Brovins & Oehmke*, 348 F. Supp. 2d at 861), LawMode cannot now revive them by slapping a "Tortious Conversion" title on the same allegations previously dismissed under their Unfair Competition label.  *See, e.g. In re Ford Motor Co. Sec. Litig.*, 381 F.3d at 573 (upholding dismissal of newly added claims in amended complaint that simply reasserted previously dismissed legal theories).  As such, LawMode's claim for tortious conversion must be dismissed.

        B.      LawMode's Claim For Tortious Conversion Is Pre-empted by <u>Federal Copyright Law</u>

Even if LawMode *had* stated a facially cognizable claim for conversion not previously withdrawn with prejudice, that claim would in any event be pre-empted by federal copyright law. *Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005); *Stromback*, 384 F.3d at 305; *Murray Hill Publ'ns, Inc. v. ABC Communs., Inc.*, 264 F.3d 622, 636 (6th Cir. 2001); *EB-Bran Prods. v. Warner Elektra Atlantic, Inc.*, 2005 U.S. Dist. LEXIS 28621, at *5-6 (E.D. Mich. Nov. 18, 2005) (Edmunds, J.).

        C.      LawMode's Claim For Tortious Conversion Claim Depends on a Contractual <u>Duty and Is therefore Subject to Dismissal</u>

Even though LawMode announces that LexisNexis' "wrongful and tortious conversion is independent of [its] breach of contract . . .", (FAC ¶ 35), the central allegation of LawMode's tortious conversion claim —that "LexisNexis *breached its duty* not to convert LawMode's Original Work"—quite clearly sounds in contract, not tort. (*id.* at ¶ 32 (emphasis added).  The claim is therefore subject to dismissal, since tortious conversion may not be maintained "if a

contractual agreement exists, unless a duty, separate and distinct from the contractual obligation is established." *London v. American Hearing Centers, Inc.*, 2004 Mich. App. LEXIS 2463, at *14 (Mich. Ct. App. Sept. 23, 2004).

## IV.    LAWMODE'S CLAIM OF FRAUDULENT INDUCEMENT FAILS TO STATE A CAUSE OF ACTION

### A.    LawMode's Fraudulent Inducement Claim is Entirely Based on Non-actionable <u>Post-Contracting Conduct and Representations</u>

Under Michigan law, the tort of fraudulent inducement "addresses a situation where the claim is that one party was tricked into contracting. It is based on pre-contractual conduct which is, under the law, a recognized tort." *Huron Tool & Eng's Co. v. Precision Consulting Servs., Inc.*, 209 Mich. App. 365, 371 (1995). An action for fraudulent inducement accordingly does not lie where "the alleged fraud was not predicated on misrepresentations concerning future conduct or performance *that induced plaintiff to enter into the agreement.*" *Mansoori v. Birmingham Imports, Inc.*, 2006 Mich. App. LEXIS 899, at *3 (Mich. Ct. App. Mar. 28, 2006). By its very nature, a claim for fraudulent inducement cannot apply to representations allegedly made *after* the contractual arrangement at issue had already been consummated.

LawMode's newly asserted Count IV is therefore subject to dismissal, as it *solely* alleges such post-contracting representations as the basis of its fraudulent inducement claim, centered on the allegation that "LexisNexis *fraudulently induced LawMode to continue in the contractual relationship."* FAC ¶ 39; *see also* FAC ¶ 45(a)) (emphasis added) (representations "were made for the purpose of inducing, and did induce, LawMode *not to terminate the parties' contract");* FAC ¶ 51(d)) (emphasis added) (representations "were made for the purpose of inducing LawMode to act upon them *by continuing the contractual relationship . . .").*

LawMode's claim—though *styled* as one for "Fraudulent Inducement"—in fact clearly sounds in *fraudulent promise of future or continued performance* of a contract. *See, e.g.,* FAC

16

§§ 39-56. Where, as here, the alleged misrepresentations "relate to the breaching party's performance of the contract," the allegations "do not give rise to an independent cause of action in tort." *Huron  Tool and Eng'g Co.*, 209 Mich. App. at 373. *See also GE Capital Corp. v. DirecTV, Inc.*, 94 F. Supp. 2d 190, 202 (D. Conn. 1999) (there is "no authority for a cause of action for fraudulent inducement to continue performing a contract").

LawMode's "Fraudulent Inducement" count is nothing more than a restated breach of contract claim, for which no independent cause of action can lie. *See Watkins & Son Pet Supplies v. Iams Co.*, 254 F.3d 607, 613 (6th Cir. 2001) ("fraud in the inducement . . . is a fraudulent misstatement of *fact* that induces a party to enter a contract, not a fraudulent promise of future performance that is within the scope of the subject matter of the written contract but that was not included in it"); *Karkoukli's, Inc. v. Walgreen Co.*, 2004 Mich. App. LEXIS 680, at *28 (Mich. Ct. App. Mar. 9, 2004) ("[a] tort action will not lie when based solely on nonperformance of a contractual duty"); *Samuel D. Begola Servs. v. Wild Brothers*, 210 Mich. App. 636, 639 (1995) ("[a]ctionable fraud must be predicated on a statement relating to a past or an existing fact . . . [f]uture promises are contractual and do not constitute fraud") (citations omitted); *GE Healthcare Fin. Servs. v. Cardiology & Vascular Assocs.*, No. 05-71304, 2006 U.S. Dist. LEXIS 18745, *10-12 (E.D. Mich. April 12, 2006).

Here, although LawMode has stated that LexisNexis' representations "concerned then-existing material facts," even a cursory read of those representations shows that they are, in fact, related only to future performance, and indeed are nearly all in the future tense.[8] *See also*

---

[8]  LawMode evidently understands this problem, as is evident from its failed attempt to plead around it with the *ipse dixit* allegation that "These representations by Lexis Nexis . . . concerned *then-existing material facts* (namely that this international legal publisher *Lexis Nexis would remedy* the past failures to use its 'best efforts')." FAC ¶ 51.a (emphasis added).  Calling black white doesn't make it so.

*IntraState Distributors, Inc. v. NBTY Manufacturing, LLC*, 2005 Mich. App. LEXIS 3256, at *14 (Mich. Ct. App. Dec. 22, 2005).

      B.     LawMode Waived its Right to Complain About
                 LexisNexis's Alleged Representations

Even if LawMode's claims here *were* cognizable as fraudulent inducement, they would in any case fail as a matter of law. Michigan law is clear that "fraud in the inducement does not render a contract void, but merely voidable at the election of the defrauded party." *Martin v. City of East Lansing.*, 249 Mich. App. 288, 294 (2001). When a deceived party learns of the fraud, its "choice of action is either to go ahead with the contract despite the fraud or to sue for rescission based on fraudulent inducement." 48 Am. Jur. Proof of Facts 3d 329. If the party opts to continue to perform its contractual duties, it implicitly affirms the contract and waives its right to rescind upon those alleged misrepresentations. *See Martin*, 249 Mich. App at 295 (subsequent to learning of fraudulent representations, plaintiff "continued to perform its contractual duties, thereby affirming the contract"). *See also* 48 Am. Jur. Proof of Facts 3d 329 ("[i]f a party does learn of fraudulent inducement by the other party, inaction and silence on its part may well rise to the level of waiver, ratification, estoppel, or laches sufficient to preclude the party from avoiding the contract").

Here, LawMode never sought rescission—the proper remedy for fraudulent induce-ment—and to the contrary *explicitly concedes* that it opted to continue its performance under the Agreement despite LexisNexis' alleged fraudulent representations and subsequent breaches from 1999 to 2002 (FAC ¶39). Having elected not to seek rescission, LawMode cannot now be heard to complain.

## CONCLUSION

For all the foregoing reasons:

(a)    LawMode's claims for breach of contract in paragraphs 23-26 of the FAC should be dismissed on the grounds of law of the case, for improperly attempting to restate and reassert allegations the substance of which have previously been adjudicated as insufficient and dismissed by this Court, and for failure to state a cause of action;

(b)    LawMode's claim for breach of the duty of good faith and fair dealing (Count II) should be dismissed on summary judgment as a matter of law and/or for failure to state a cause of action;

(c)    LawMode's claim for tortious conversion (Count III) should be dismissed for improperly attempting to restate and reassert allegations identical to those contained in LawMode's unfair competition claim that was previously withdrawn with prejudice, and because the claim is in any event pre-empted by federal copyright law; and

(d)    LawMode's claim for fraudulent inducement should be dismissed for failure to state a cause of action, and as waived.

February 14, 2007

                                        BUTZEL LONG

                                        BY:  ____S/LAURIE J. MICHELSON____
                                             James E. Stewart (P23354)
                                             Laurie J. Michelson (P47214)
                                             350 South Main Street, Suite 300
                                             Ann Arbor, Michigan  48104
                                             (734) 995-3110
                                             [P47214]
*Of Counsel:*                                michelso@butzel.com
Charles M. Sims                              *Attorneys for Defendants*
Scott R. Landau
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3950

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                    s/ Laurie J. Michelson
                    Butzel Long
                    350 South Main Street, Suite 300
                    Ann Arbor, Michigan  48104
                    (734) 995-3110
                    [P47214]
                    michelso@butzel.com