## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ROSS, BROVINS & OEHMKE, P.C.
d/b/a LAWMODE
a Michigan corporation,

        Plaintiff,

vs.

LEXIS/NEXIS, a Division of Reed Elsevier
Group, PLC, a British Corporation, and owner
of Matthew Bender & Co., Inc., a New York
corporation, d/b/a Capsoft Development
Corporation,
        Defendant.
_____/

Case No. 03-74474
Honorable  Nancy G. Edmunds
(Magistrate Judge Steven D. Pepe)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# LEXISNEXIS'S MOTION TO DISMISS OR,
# IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Thomas H. Oehmke (P22963)
11997 E. Camp Haven Rd.
Northport, MI 49670
(231) 386-7018

*Attorneys for Plaintiff*

BUTZEL LONG
James E. Stewart (P23254)
Laurie J. Michelson (P47214)
350 South Main Street, Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110

- and -

PROSKAUER ROSE LLP
Charles S. Sims
Jordan B. Leader
1585 Broadway
New York, New York  10036
(212) 969-3950

*Attorneys for Defendant*

# TABLE OF CONTENTS

Page

I.   LAWMODE'S TORTIOUS CONVERSION CLAIM
     SHOULD BE DISMISSED ............................................................................... 1

II.  DISMISSAL IS APPROPRIATE AS TO LAWMODE'S
     BREACH OF CONTRACT ALLEGATIONS ........................................................... 2

III. SUMMARY JUDGMENT IS APPROPRIATE ON LAWMODE'S
     BREACH OF GOOD FAITH AND FAIR DEALING CLAIM ............................. 5

IV.  LAWMODE'S CLAIM OF FRAUDULENT INDUCEMENT
     FAILS TO STATE A CAUSE OF ACTION ........................................................... 6

i

## I.      LAWMODE'S TORTIOUS CONVERSION CLAIM SHOULD BE DISMISSED

LawMode devotes a large portion of its opposition brief to its flawed tortious conversion claim, which fails because it is preempted by federal copyright law.[1]

The conversion claim alleges that LexisNexis "converted" LawMode's Content by selling "its Similar Work to the subscribers of LawMode's Original Work" (FAC ¶ 30), that the "Lexis Nexis Similar Work, both as to the ideas and expressions of those ideas, was substantially the same as LawMode's Original Work" (FAC ¶ 31), and that "Lexis Nexis … converted Law-Mode's Original Work into the Lexis Nexis Similar Work." (FAC ¶ 57(a)(v)). State law conversion claims such as those alleged here are preempted by federal copyright law. *See, e.g., Ritchie v. Williams*, 395 F.3d 283, 289 (6th Cir. 2005); *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446 (6th Cir. 2001); *Murray Hill Publ'ns, Inc. v. ABC Communs., Inc.*, 264 F.3d 622, 636-37 (6th Cir. 2001). LawMode's citation to *Murray Hill* and *Wrench* for the proposition that its conversion claim is not preempted is inexplicable. *Murray Hill* specifically held that a Michigan state law claim of conversion, based on the same type of conduct alleged by LawMode here, "satis-fie[s] the equivalency requirement of the preemption analysis and is preempted by the Copyright Act." 264 F.3d at 636-37. In *Wrench*, the district court dismissed plaintiff's state law conversion claim, and that portion of the district court's decision was not appealed.

---

[1]  LawMode's opposition brief ("Opp. Br.") also fails to provide support for why its conversion claim is not barred because it is based on the same set of allegations that made up its "Common Law Unfair Competition" claim in the original Complaint, which it voluntarily dismissed *with prejudice*. *See* LexisNexis's Moving Brief ("Mov. Br.") at 14-15. Additionally, LexisNexis demonstrated that the conversion claim is subject to dismissal because it relies on a contractual duty. *Id*. at 16. While Michigan law applies to tort claims here (*see* n.8 below), Utah law is no different. LawMode asserts that "there appears to be no Utah case prohibiting a plaintiff from maintaining, in the same law-suit, an action for breach of contract side-by-side with a count for tortious conversion" (Opp. Br. 13), but numerous Utah cases hold a tort claim may not be maintained if a contract exists, unless there is a duty independent of those imposed by contract. *See, e.g., Interwest Const. v. Palmer*, 886 P.2d 92, 101 (Utah App. 1994). LawMode essentially admits that its conversion claim relies on the contract and points to no independent duties owed by Lexis when it (unsuccessfully) argues that the claim is not preempted by copyright law . *See* Opp. Br. 15 ("The parties' Agreement contains several essential elements regarding LawMode's exclusive ownership of the Content which was converted.").

1

Most recently, in *Ritchie v. Williams*, 395 F.3d 283, 289 (6th Cir. 2005), the Sixth Circuit affirmed this Court's dismissal of numerous state law claims, including a conversion claim, holding, "The District Court did not err in recharacterizing these claims as copyright claims. The policy of national uniformity inherent in copyright preemption is no less applicable to infringement claims that are described as sounding in tort or restitution rather than contract."[2]

Even if the conversion claim were not preempted, it nevertheless fails as a matter of law because the Sixth Circuit has already held as a matter of law that LexisNexis's product does not contain any of LawMode's Content, and further found that "Lexis did not copy any 'protectable' elements of LawMode's compilations," and "Lexis did not copy LawMode's original classification or arrangement." *Ross, Brovins & Oehkme, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 481, 484 (6th Cir. 2006). Additionally, LexisNexis has submitted uncontroverted evidence that demonstrates LexisNexis did not use LawMode's Content to convert or "reverse engineer" anything.[3]

**II.      DISMISSAL IS APPROPRIATE AS TO LAWMODE'S BREACH OF CONTRACT ALLEGATIONS**

LawMode admits that its allegations in the FAC at ¶¶ 23(b), 23(d), 24(b) and 25(b) were all pleaded as part of its original breach of contract claim, which this Court dismissed with prejudice, and thus tacitly admits that such claims must be dismissed. *See* Opp. Br. 2.

---

[2]   In an attempt to preserve its conversion claim, LawMode's opposition brief improperly attempts to change the nature of its claim to one alleging that LexisNexis has improperly withheld from LawMode its "thousands of computer files" and the various documents listed on page 14 of its opposition brief. Not only was none of this alleged in the FAC, but the argument fails in any event because LexisNexis was under no duty under the Agreement to return to LawMode any files or documents supplied to it upon termination of the Agreement.

[3]   *See* Barclay Decl., July 8, 2004, at ¶¶ 5-7 [Dkt #8]: "To my knowledge, no one from LexisNexis worked from the LawMode Work to determine which forms should be included in the LexisNexis Work." "I created and inserted all of the variables into the forms without reference to any other product." "LexisNexis programmers then used HotDocs® to automate the forms in accordance with the Automation Standards and my instructions. In each instance, the variables in the LexisNexis Work were created independently of the LawMode work, and LexisNexis's Automation Standards were used in creating the variables." *See also* Second Barclay Decl. ¶¶ 2-8.

LawMode, however, fails to explain why its breach of contract claims at ¶¶ 23(a), 23(c), 24(a), 25(c) and 26(b), stand on any different footing, since each of them was similarly pleaded in the original Complaint as part of its breach of contract claim that was dismissed with prejudice by this Court:

- ¶ 23(a) of the FAC concerning "complimentary copies", is exactly the same as the claim LawMode made at ¶ 17(a) of the original Complaint;[4]

- ¶¶ 23(c), 24(a), and 25(a) of the FAC, alleging that LexisNexis failed to use its "best efforts" to market LawMode's products, is exactly the same as the claim LawMode made at ¶ 17(c) of the original Complaint;[5] and

- ¶ 26(b), concerning allegations that LexisNexis made renewal sales from March 2002 to July 2002, which is exactly the same as the claim LawMode made at ¶ 48(c) of the original Complaint. *See* Mov. Br. 10.

Additionally, ¶¶ 23(c), 24(a), 25(c) of the FAC should also be dismissed because they fail to state a cause of action. Nothing in LawMode's opposition papers bolsters its conclusory allegation that LexisNexis breached the Agreement by allegedly failing to "give its 'Best efforts' to market products[.]" The Utah case cited by LawMode is inapplicable here, where "best efforts" is defined in the Agreement. The Agreement defines "best efforts" as "a minimum of a one full page add [sic] a quarter or three smaller adds [sic] a quarter in a publication in developer's jurisdiction, and one direct mail piece a year. Capsoft will also include product in any catalog it distributes to developer's jurisdiction." LawMode fails to plead any facts, sufficient even under the liberal standard of Fed. R. Civ. P. 8(a), showing any entitlement to relief on any such "claim." Indeed, the only "fact" LawMode refers to in support of this claim is an irrelevant

---

[4]     ¶ 17(a) of the original Complaint states: "Capsoft breached the amended Agreement in these and other ways by (a) Providing prospective customers with complimentary copies of LawMode's Copyrighted Work as a promotion to attract new subscribers of Capsoft to purchase other Capsoft software without Plaintiff's consent and without paying Plaintiff any licensing fees (in violation of ¶ 4 of the Agreement)."

[5]     ¶ 17(c) of the original Complaint states: "Capsoft breached the amended Agreement in these and other ways by (c) Failing to use its 'best efforts' to market LawMode's Copyrighted Work (in violation of ¶ 3(c) of the amended Agreement)."

incident that allegedly occurred at a state bar convention. *See* Opp. Br. 3. Accordingly, Law-Mode has not adequately pleaded a breach of this contractual provision by LexisNexis. *See MBNA Am. Bank, N.A. v. Goodman*, 140 P.3d 589, 591 (Utah App. 2006) (setting forth elements for contract claim under Utah law).

Similarly, ¶ 26(b) of the FAC should be dismissed because LawMode has failed to allege that it suffered any damages because LexisNexis supplied a small number of renewing customers with the LawMode product between March and July 2002. Indeed, as the incontrovertible evidence demonstrates, not only did LexisNexis pay LawMode its 30% royalty on any sales it made post-termination, it overpaid LawMode. *See* Second Stein Decl. at ¶ 8. The measure of damages for breach of contract is to place the aggrieved party in the position it would have been absent the breach. Here, if there had been a breach, "the measure of damages is prima facie the contract price agreed upon." *Pratt v. Board of Ed.*, 564 P.2d 294, 298 (Utah 1977). Because this is exactly what LexisNexis paid to it, LawMode has not and cannot establish any damages with respect to this claim.[6]

Lastly, LawMode's breach of contract claim based on alleged "reverse engineering" (¶ 26(a)) should be dismissed as it completely flies in the face of this Court's and the Sixth Circuit's decisions and imagines a contractual prohibition on "reverse engineering" that is wholly lacking. The Sixth Circuit's decision allowed the breach of contract claim in paragraph 48(b) of the original Complaint to survive because, as pleaded, it could be read to mean that LexisNexis physically sold the LawMode product after termination of the Agreement – which, in reality, was the subject of paragraph 48(c) of the original Complaint, but the issue of the

---

[6]     Similarly, had LawMode's copyright claims not been dismissed, the measure of damages would be the "reasonable license fee" which LawMode could charge for its Content. *See, e.g., Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1992). The best measure of that is the Agreement, which sets the license fee at 30%.

4

dismissal of that allegation was not before Sixth Circuit. The Sixth Circuit has already determined that LexisNexis's Work was independently created and, as a matter of law, does not constitute "Content." *See* Mov. Br. 11-12. The sale of material that does not qualify as "Content" cannot constitute a breach of contract, even if LawMode now creatively characterizes that material as "reverse engineered."

III.    **SUMMARY JUDGMENT IS APPROPRIATE ON LAWMODE'S
        BREACH OF GOOD FAITH AND FAIR DEALING CLAIM**

LawMode attempts to defend its claim for breach of the duty of good faith and fair dealing by the pretense that LexisNexis moved to dismiss the claim, when in fact LexisNexis moved for summary judgment.  Because LawMode has failed to produce any evidence that creates a genuine issue of material fact, LexisNexis is entitled to summary judgment on this claim.[7]

An implied covenant of good faith "cannot be construed … to establish new, independent rights or duties not agreed upon by the parties."  *Brehany v. Nordstom, Inc.*, 812 P.2d 49, 55 (Utah 1991). Here, as demonstrated in LexisNexis's Mov. Br. 13, the parties did not agree to any such confidentiality duty.  Utah's law on trade secrets is the same as Michigan's law, and axiomatic to a claim concerning the misappropriation of trade secrets is that the plaintiff must prove that it took measures to guard the secrecy of the information, that defendant disclosed or used information without express or implied consent, and that defendant acquired the information improperly, or that defendant acquired the information under circumstances giving rise to a duty to maintain the secrecy. *See Jensen v. Redevelopment Agency of Sandy City*, 998

---

[7]     Plaintiffs are not entitled "to get to the jury on the basis of the allegations in their complaints, coupled with the hope that something can be developed at trial.... [S]ummary judgment [is] proper where the facts alleged in the complaint [are] directly contravened in the affidavits supporting the defendants' motion for summary judgment, and where the plaintiff's version of the facts was not presented in any deposition, affidavit, or other document on file, except the pleadings."  *Smith v. Hudson*, 600 F.2d 60, 64 -65 (6th Cir. 1979) (citations omitted).

F.2d 1550, 1556-57 (10th Cir. 1993); *Medspring Group, Inc. v. Feng*, 368 F. Supp. 2d 1270, 1276-77 (discussing Utah Uniform Trade Secrets Act). The documentary evidence and the supporting declarations demonstrate that none of the information provided by LawMode constitutes a trade secret and LexisNexis (and its predecessors) never agreed to treat any of it as such. *See* Second Stein Decl. ¶¶ 2-7; Second Barclay Decl. ¶¶ 2-8. Moreover, LexisNexis provided sufficient evidence to demonstrate that it did not use any of LawMode's purported trade secrets in developing its products. *See* n.3, above.

LawMode has provided no evidence to the contrary. The Oehmke Declaration's allegation that LawMode's employees don't know who Stein and Barclay are is entirely insufficient to create a genuine issue of material fact on the existence of any duty of confidentiality that LexisNexis's creation and sale of its own material breached. Thus, this claim too should be dismissed.

## IV.    LAWMODE'S CLAIM OF FRAUDULENT INDUCEMENT FAILS TO STATE A CAUSE OF ACTION

Contrary to LawMode's assertion, its fraudulent inducement claim is governed by Michigan law, not Utah law,[8] under which LawMode's fraudulent inducement claim must be dismissed. As set out in LexisNexis's moving brief (at 16-18), no action for fraudulent inducement lies where "the alleged fraud was not predicated on misrepresentations concerning future conduct or performance *that induced plaintiff to enter into the agreement*." *Mansoori v. Birmingham Imports, Inc.*, 2006 Mich. App. LEXIS 899, at *3 (Mich. Ct. App. Mar. 28, 2006)

---

[8]    "Federal courts apply the laws of the forum state to state claims in diversity cases, including the forum state's choice of law rules." *Iwasiuk v. Teleflex Automotive Group*, No. 05-60268, 2006 U.S. Dist. LEXIS 63423, *7 (E.D. Mich. Sept. 6, 2006). There is "a presumption [under Michigan law] that the law of the forum will govern disputes sounding in tort." *Diamond Computer Systs., Inc. v. SBC Comms., Inc.*, 424 F. Supp. 2d 970, 980 (E.D. Mich. 2006). Although a choice of law provision in a contract (here, Utah law) may give reason to displace Michigan law on a contract claim, *see LaSalle Nat'l Leasing Corp. v. Lyndecon, L.L.C.*, 409 F. Supp. 2d 843, 846-47 (E.D. Mich. 2005), "no reason exists to displace Michigan law on ... claims of fraud and misrepresentation [where the] alleged injury occurred in Michigan to a Michigan company." *Id.* (holding Michigan Law governed fraud and misrepresentation claims despite Maryland choice of law provision in parties' agreement).

6

(emphasis added). LawMode alleges no "pre-contractual [fraudulent] conduct" inducing LawMode to enter into the Agreement, indispensable to fraudulent inducement.

Moreover, LawMode's assertion that it was induced to *renew* the Agreement flies in the face of the Agreement's plain terms, which at ¶ 7(a) provide that it "shall renew *automatically* for additional one-year terms unless written notice of *termination* is given by either party at least 90 days prior to the end of a term."  In other words, the Agreement continued of its own force absent termination by either party. Renewal was in no way predicated on the negotiation and formation of a new agreement.

Alleged fraudulent inducement not to *terminate* an agreement already in force is *not* fraudulent inducement. *See GE Capital Corp. v. DirecTV, Inc.*, 94 F. Supp. 2d 1900, 202 (D. Conn. 1999) (no cause of action for fraudulent inducement to continue performing a contract). The cases cited by LawMode concerning fraudulent inducement to renew a contract are therefore inapposite, and LawMode's "fraudulent inducement" claim must be dismissed.[9]

March 22, 2007

| | |
|---|---|
| | s/ Laurie J. Michelson |
| PROSKAUER ROSE LLP | BUTZEL LONG |
| Charles M. Sims | James E. Stewart (P23354) |
| Jordan B. Leader | Laurie J. Michelson (P47214) |
| 1585 Broadway | 350 South Main Street, Suite 300 |
| New York, New York 10036 | Ann Arbor, Michigan 48104 |
| (212) 969-3950 | (734) 995-3110 |
| | *Attorneys for Defendants* |

---

[9]     Additionally, because Michigan law – not Utah law – applies to this claim, LawMode has waived its right to complain about any alleged misrepresentations because it chose to go ahead with the contract despite having allegedly learned of the purported fraud. *See* Mov. Br. 18.

**<u>CERTIFICATE OF SERVICE</u>**


       I hereby certify that on March 22, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.


                          <u>s/ Laurie J. Michelson</u>
                          Butzel Long
                          150 West Jefferson Ave., Suite 100
                          Detroit, Michigan  48226
                          (313) 225-7000
                          [P47214]
                          michelso@butzel.com