UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS, BROVINS & OEHMKE, P.C.,

        Plaintiff,

v.

LEXIS/NEXIS GROUP,

        Defendant.

_____/

Case No. 03-74474

Honorable Nancy G. Edmunds


**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
TO DISMISS, OR FOR SUMMARY JUDGMENT [47], AND
(2) DENYING PLAINTIFF'S MOTION TO STRIKE [51]**


Pending before this Court is Defendant's motion to dismiss, or, in the alternative, for summary judgment, filed on February 14, 2007.[1]  Subsequent to oral argument regarding that motion, and as requested by the Court during the hearing, Defendant submitted copies of the parties' Sixth Circuit briefs.  Plaintiff's motion to strike, filed on May 21, 2007, seeks to have this Court strike a letter that Defendant attached to the appellate briefs.

Plaintiff Ross, Brovins & Oehmke, P.C., d/b/a LawMode, ("LawMode") originally brought a number of claims against Defendant Lexis/Nexis Group ("LexisNexis") arising

---

[1]Under Fed. R. Civ. P. 12(b), this Court has the discretion to convert this into a motion for summary judgment because Defendant has included affidavits along with its motion.  *Aamot v. Kassel*, 1 F.3d 441, 444-45 (6th Cir. 1993).  The Court declines conversion in this instance, however, as it is not convinced that the attached affidavits of Defendant's employees will assist in resolving the matter, especially since discovery has not yet been taken in this case.

out of a contract between the parties for LawMode to develop computerized legal forms (the "Content") which LexisNexis would then compile and market in the form of a CD-ROM (the "Product").

On December 9, 2004, this Court issued an order that dismissed LawMode's copyright infringement claim in full, and partially dismissed LawMode's claims for breach of contract and breach of the duty of good faith and fair dealing, and granted LawMode leave to amend its fraud and misrepresentation claim.[2] Subsequently, LawMode and LexisNexis stipulated to the dismissal without prejudice of LawMode's remaining claims for breach of the duty of good faith and fair dealing and fraud and misrepresentation. This left only LawMode's breach of contract claim related to ¶ 48(b) of its Complaint. Then, on March 17, 2005, the Court granted LexisNexis's motion for judgment on the pleadings with regards to LawMode's remaining breach of contract claim, which cleared the way for LawMode's appeal to the Sixth Circuit.

That court affirmed this Court's dismissal of LawMode's copyright claim, but reversed on the issue of LawMode's breach of contract claim, finding that LawMode made sufficient allegations that LexisNexis misappropriated the Content for its own use and that LexisNexis continued to sell Content following termination of the agreement between the parties. Thus, the case is now before the Court on remand from the Sixth Circuit.

Following remand, LawMode filed its First Amended Complaint (hereinafter, the

---

[2]The Court also granted LawMode's motion for leave to withdraw its Lanham Act, unjust enrichment and unfair competition claims without having to pay LexisNexis's costs, but these claims are immaterial to the present motion.

"Amended Complaint") on November 2, 2006,[3] asserting claims for (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) tortious conversion, and (4) fraudulent inducement. LexisNexis now moves to dismiss all of LawMode's claims from the Amended Complaint.

For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART LexisNexis's motion to dismiss. Specifically, the Court (1) DISMISSES IN PART the breach of contract claim, (2) allows the breach of the duty of good faith and fair dealing claim to proceed, (3) DISMISSES the tortious conversion claim, and (4) DISMISSES the fraudulent inducement claim. Lastly, the Court DENIES Plaintiff's motion to strike.

## I. FACTS

An extensive recitation of the facts of this case similar to those listed in this Court's prior opinions or the Sixth Circuit's decision on appeal, *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 480-82 (6th Cir. 2006), is not necessary in order to address the instant motion. Briefly, however, this dispute arises out of a Content Development Agreement (the "Agreement") between the parties whereby LawMode promised to create, modify and supplement a software product which a predecessor of LexisNexis would market and sell. The Product was composed of hundreds of legal forms that the Michigan State Court Administrative Office ("SCAO") published. One of LawMode's primary value-added services to LexisNexis was automating the SCAO forms to eliminate the need for retyping case-specific information into subsequent forms

---

[3]Although the law on this issue is not altogether clear, LexisNexis does not argue that LawMode must obtain leave to file its Amended Complaint under Fed. R. Civ. P. 15(a). Instead, "LexisNexis has concluded that the efficient course is to move to dismiss or for summary judgment . . . ." (Def.'s Mot. to Dismiss at 5 n.5.)

for the same case.  LawMode created the Content using HotDocs Pro, a proprietary LexisNexis software program.

The parties signed the Agreement in 1997, and operated under its provisions until LexisNexis cancelled the Agreement according to its terms as of February 26, 2002. Subsequently, LexisNexis released its own version of automated SCAO forms in July 2002 that were similar in some respects to the Content, and that action is primarily what led to the instant lawsuit.

## II.  STANDARD OF REVIEW – MOTION TO DISMISS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a Complaint. In a light most favorable to Plaintiff, the court must assume that Plaintiff's factual allegations are true and determine whether the Complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996).

This standard of review "'requires more than the bare assertion of legal conclusions.'" *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (quoting *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The Complaint must include direct or indirect allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted). A court should not grant a 12(b)(6) motion unless the movant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III.  ANALYSIS

### A.  LawMode's Breach of Contract Claim

As a preliminary matter prior to addressing the merits of LexisNexis's motion to dismiss LawMode's breach of contract claim, it is worth focusing on two of the allegations listed in the original Complaint in this case, in order to determine the exact scope of LawMode's breach of contract claim that remains following the Sixth Circuit's opinion on appeal:

> Defendant Lexis/Nexis is liable for express and implied contractual obligations to LawMode that were not met, including those breaches alleged above and others, including:
>
> * * *
>
> b.    Misappropriating LawMode's content by converting some or all of it to Defendant's own use . . .;
>
> c.    Continuing to sell some $14,507 or more of LawMode's Copyrighted Work . . . after terminating the Agreement on 26 February 2002 . . . .

(Compl. ¶¶ 48(b) and (c).)  As mentioned previously, this Court dismissed nearly all of LawMode's breach of contract claim on December 9, 2004, with the exception of that portion arising from the alleged conduct listed in ¶ 48(b) involving a violation of the Agreement when LexisNexis misappropriated Content for its own use.

The Sixth Circuit's opinion reinstating LawMode's breach of contract claim is not altogether clear on which specific allegations remain on remand, however.  The potential for confusion arises due to the following portion of the Sixth Circuit decision:

> [i]n its complaint, LawMode alleges that Lexis promised not to misappropriate LawMode's "Content" by converting some or all of it to Lexis's own use. LawMode also alleges that Lexis promised not to distribute the Content after the termination of the agreement.  In LawMode's Complaint, paragraph 48.b, LawMode alleges that Lexis breached that promise by misappropriating the

templates and continuing to sell LawMode's Content in the 2002 Lexis Product.

*Ross, Brovins & Oehmke*, 463 F.3d at 487-88. Thus, while the court only specifically mentioned ¶ 48(b) in its opinion, it referred to LawMode's separate allegations that LexisNexis both (1) misappropriated Content for its own use, *and* (2) improperly sold Content after the Agreement terminated. Due to the fact that these are separate acts of alleged impropriety which were pled individually in the Complaint, the Court concludes that the Sixth Circuit's opinion reinstated LawMode's claims arising from the facts pled in both ¶¶ 48(b) and (c) of the Complaint.[4]

Determining exactly which allegations survive following the Sixth Circuit appeal is crucial, as LexisNexis's primary argument in support of its motion to dismiss LawMode's breach of contract claim is that the Amended Complaint is merely re-raising claims that this Court previously dismissed and were not reversed on appeal. *See In re Ford Motor Co. Sec. Litig.*, 381 F.3d 563, 573 (6th Cir. 2004) (holding that a plaintiff's amended complaint which presents the same legal theories previously dismissed by the court does not state a valid cause of action). This analysis becomes more difficult by virtue of the fact that LawMode made significant organizational and editorial changes to its breach of contract claim between the Complaint and the Amended Complaint now before this Court. LawMode's current breach of contract claims are listed in ¶¶ 23-26 of

---

[4]After reviewing the parties' Sixth Circuit briefs, the Court recognizes that those filings specifically mentioned ¶ 48(b), but not ¶ 48(c), which leads to an inference that the latter was not reinstated following that court's decision remanding the case. Still, the language of Judge Rogers' opinion specifically lists LawMode's allegation of post-termination distribution as a claim that survives LexisNexis's motion to dismiss. Since such an allegation is exclusive to ¶ 48(c), the Court concludes that both ¶¶ 48(b) and (c) state valid breach of contract claims on remand, despite the contrary inference arising from the face of the parties' appellate briefs.

the Amended Complaint, and the Court will proceed to consider them in groups based upon subject matter, in order to clarify which allegations survive LexisNexis's motion.

### 1. ¶ 23(a)

LexisNexis argues that ¶ 23(a) of the Amended Complaint is the same as that from ¶ 48(d) of the Complaint, and should be dismissed because it fails to state a cause of action for the same reason that this Court previously dismissed LawMode's breach of contract claim arising out of the allegations in ¶ 48(d). The relevant subparagraphs of the two separate complaints appear as follows:

> LexisNexis . . . breached the parties' Agreement in these and other ways by:
>
> a.   providing prospective customers with complimentary copies of LawMode's Original Work as a promotion to inducing [LexisNexis's] customers to purchase other [LexisNexis] software without LawMode's consent and without paying LawMode any licensing fees . . . .

(Am. Compl. ¶ 23(a).)

> Defendant Lexis/Nexis is liable for express and implied contractual obligations to LawMode that were not met, including those breaches alleged above and others, including:
>
> * * *
>
> d.   Marketing Defendant's Derivative Work to the same subscribers . . . whose product loyalty and initial purchase were earned by LawMode's creative and marketing efforts from 1997 through 2002.

(Compl. ¶ 48(d).)

LexisNexis's argument on this point fails to appreciate that the behavior allegedly leading to a breach of the Agreement is dramatically different in these two provisions. Paragraph 48(d) of the Complaint essentially claims that LexisNexis improperly competed with LawMode by marketing its *own* "Derivative Work to [LawMode's]

subscribers." *Id.* Thus, the focus of that allegation was on LexisNexis attempting to use its own products to capture LawMode clients, and this Court dismissed that part of LawMode's breach of contract claim because nothing in the Agreement indicated any sort of a non-compete clause that such alleged conduct would have violated. *Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis*, 348 F. Supp. 2d 845, 863 (E.D. Mich. 2004).

Paragraph 23(a) of the Amended Complaint, on the other hand, focuses on LexisNexis's alleged action of distributing free copies of Content in an attempt to bring existing LawMode customers over to its own competing product offering. While the asserted end that LexisNexis was attempting to reach is the same in both allegations (i.e. getting former LawMode customers to purchase its new, similar product), the key difference is how LexisNexis is alleged to have accomplished its desired goal. Under ¶ 23(a), LawMode claims that LexisNexis distributed copies of LawMode's Content, and such facts could conceivably fall within ¶¶ 48(b) and (c) of the Complaint, which constitutes a valid claim for breach of contract following the Sixth Circuit's opinion in this case. For this reason, LexisNexis's motion to dismiss is DENIED as to ¶ 23(a) of the Amended Complaint.

**2.  ¶¶ 23(b), 23(d), 24(b) and 25(b)**

In its response to LexisNexis's motion to dismiss, LawMode admits that "the allegations in [the Amended Complaint] ¶ 23(b) are the same as ¶ 48(d) [of the Complaint] and the allegations in [the Amended Complaint] ¶¶ 23(d), 2[4](b) and 25(b) are the same as ¶ 48(g) [of the Complaint] . . . ." (Pl.'s Resp. at 2.)  Because this Court's December 9, 2004 Order dismissed, among others, LawMode's allegations in ¶¶ 48(d) and (g), and LawMode did not appeal that decision to the Sixth Circuit, any

allegations in the Amended Complaint that reassert those same points must now be dismissed. Accordingly, LexisNexis's motion to dismiss is GRANTED to the extent that LawMode's breach of contract claim rests on the allegations contained in ¶¶ 23(b), 23(d), 24(b) and 25(b) of the Amended Complaint.

### 3. ¶¶ 23(c), 24(a) and 25(a)

Essentially, these three paragraphs of the Amended Complaint allege that LexisNexis failed to exercise its best efforts to market Products made using LawMode's Content, as specified in the Agreement. LexisNexis argues that these paragraphs parallel ¶ 48(e) of the Complaint, which claimed that LexisNexis "fail[ed] to meet promised production deadlines which discouraged new and renewal subscribers and which diminished the reliability of LawMode's Copyrighted Work in the eyes of purchasers and potential purchasers." Finding nothing in the Agreement to indicate that LexisNexis agreed to specific production deadlines, this Court dismissed LawMode's allegations in ¶ 48(e). *Ross, Brovins & Oehmke*, 348 F. Supp. 2d. at 863.

A review of the definition of "best efforts" according to ¶ 3(c) of the Agreement reveals, however, that LexisNexis did obligate itself to undertake certain marketing activities. Thus, the best efforts allegations from the Amended Complaint do not suffer from the same defect as ¶ 48(e) of the Complaint, nor do they restate those allegations, because LawMode makes no mention of missed production deadlines in the Amended Complaint.

That said, LexisNexis's reply brief properly points out that LawMode's best efforts allegations from the Amended Complaint are also nearly identical to those raised in ¶ 17(c) of the Complaint. This would tend to suggest that the relevant allegations from

the Amended Complaint were previously dismissed, and that LawMode cannot now re-raise them here. In its December 9, 2004 Order, however, this Court did not specifically consider ¶ 17(c) in the discussion of LawMode's breach of contract claims, most likely because the parties focused on ¶ 48 in their pleadings. Although the best efforts allegation in ¶ 17(c) was not specifically allowed to proceed, this Court did not directly dismiss it either. Where this likely resulted from an oversight by both parties and the Court, and LawMode's current claim arises out of an explicit contractual duty listed in the Agreement, it would be unfair to LawMode to bar this ground for its breach of contract claim simply because the December 9, 2004 Order purported to dismiss all breach of contract claims except those arising out of ¶ 48(b). Thus, LexisNexis's motion to dismiss is DENIED as to ¶¶ 23(c), 24(a) and 25(a) of the Amended Complaint.

### 4. ¶ 24(c)

Paragraph 24(c) of the Amended Complaint alleges that "Lexis Nexis unilaterally breached the parties' amended contract (by refusing delivery of libraries already accepted by Lexis Nexis) . . . ." Nothing in the Agreement requires LexisNexis to accept every delivery of Content from LawMode, however, so LawMode has failed to demonstrate how this alleged action constituted a breach of contract on these facts. Accordingly, LexisNexis's motion to dismiss is GRANTED to the extent that LawMode's breach of contract claim rests on the allegations contained in ¶ 24(c) of the Amended Complaint.

### 5. ¶¶ 26(a) and 26(b)

Although these subparagraphs of the Amended Complaint each make a separate allegation, both refer to conduct that occurred after the Agreement's termination, so it

makes sense to consider them together. Paragraph 26 claims, in relevant part, that:

> Lexis Nexis (while conducting business as Lexis Nexis and after terminating LawMode's amended Agreement effective February 2002[)] breached the parties' Agreement in these and other ways by:
>
> a. Reverse engineering LawMode's Templates so as to produce computer screens showing Dialog Boxes which were substantially similar to those generated by LawMode's Templates in its Original Work which was contrary to certain provisions of the parties' contract which . . .:
>
> > i. [provided for] LawMode's ownership of all " 'Content' [which] means HotDocs templates created by Developer" LawMode . . . .
> >
> > ii. [provided for t]he fact that, "[u]pon termination of this Agreement . . . [Lexis Nexis] shall cease marketing and distribution of Products" which, " . . . means Content . . . ."
>
> b. Selling LawMode's Original Work . . . for five months (until about July 2002 when Lexis Nexis first introduced its Similar Work . . . .

Thus, LawMode makes two separate allegations in ¶ 26: (1) that LexisNexis improperly reverse engineered LawMode's Content in order to create LexisNexis's own competing forms, and (2) that LexisNexis violated the Agreement by selling Content after the Agreement's termination.

Both parties cite to the Sixth Circuit's decision on appeal in support of their opposing positions with regards to the proper disposition of ¶ 26. The applicable portion of that holding reads:

> The 1997 contract, as modified in 1999, contains a promise that Lexis will not continue to sell LawMode's content after termination of the agreement. The contract stated, "Upon termination of this Agreement for any reason, [Lexis] shall cease marketing and distribution of ... Content which has been prepared by [Lexis] for distribution." As noted above, "Content" means "HotDocs templates created by [LawMode]." In sum, even after the contract had been terminated Lexis agreed not to continue selling the HotDocs templates that LawMode created and Lexis packaged for sale.

* * *

> It is true that independently created HotDocs templates are not "Content" under the 1997 or 1999 agreement because LawMode did not create or deliver the templates to Lexis, but the fact that Lexis independently created templates does not necessarily mean there were no LawMode templates sold by Lexis. While the matter may be appropriate for summary judgment, for 12(c) purposes this court must assume LawMode's factual allegations are true and that Lexis was selling work belonging to LawMode. LawMode states a claim for breach of contract.

*Ross, Brovins & Oehmke*, 463 F.3d at 488.

Clearly, LawMode has restated a valid claim in ¶ 26(b) by alleging that LexisNexis continued to sell Content after the Agreement's termination in violation of its provisions. LexisNexis is correct that the allegations in ¶ 26(b) of the Amended Complaint closely mirror those of ¶ 48(c) of the Complaint, but as noted earlier in this Order, the Court is convinced that the Sixth Circuit reinstated LawMode's breach of contract claim as pled in ¶ 48(c) despite the fact that this particular subparagraph was not listed in its opinion. For these reasons, the Court DENIES LexisNexis's motion to dismiss LawMode's allegations under ¶ 26(b).

As to LawMode's reverse engineering claim in ¶ 26(a), nothing in the language of that subparagraph raises any actionable claim beyond the post-termination sales also addressed in ¶ 26(b). The Sixth Circuit confirmed that selling any forms LexisNexis created independently did not constitute a violation of the Agreement, and by focusing ¶ 26(a)'s allegation upon LexisNexis's activity of reverse engineering its forms using ones that LawMode had previously created, LawMode has failed to state a valid claim for breach of contract on this ground. Once LexisNexis created its own forms, even though they are alleged to have been at least partially developed by examining LawMode's Content,

LexisNexis was no longer selling Content, and the Agreement was not violated.[5] Therefore, LexisNexis's motion to dismiss LawMode's breach of contract claim is GRANTED to the extent that it relies on allegations of reverse engineering under ¶ 26(a).

**B. LawMode's Breach of the Duty of Good Faith and Fair Dealing Claim**

As in ¶ 69 of its original Complaint, LawMode alleges in ¶ 27 of the Amended Complaint that LexisNexis breached its duty of good faith and fair dealing by misappropriating various trade secrets and other information that LawMode claims it disclosed in confidence. In its December 9, 2004 Order, this Court dismissed most of LawMode's allegations in support of the breach of the duty of good faith and fair dealing claim, but did not dismiss LawMode's claim to the extent that it relied upon the allegations of a misappropriation of information delivered in confidence. Although LawMode later stipulated to dismiss this remaining part of its good faith claim, such dismissal was without prejudice, leaving LawMode with the ability to re-raise the claim again in the future. Since LawMode's claim in ¶ 27 of the Amended Complaint is the same as the one which survived LexisNexis's previous motion to dismiss, the instant motion to dismiss LawMode's breach of the duty of good faith and fair dealing claim is DENIED.[6]

---

[5]To the extent that LawMode's reverse engineering claim focuses on the "substantially similar" nature of LexisNexis's forms to its own, (Am. Compl. ¶ 26(a)) this appears to be a copyright infringement claim brought in disguise as an alleged breach of contract. Since this Court and the Sixth Circuit have already dismissed LawMode's copyright claim as a matter of law, this eliminates such an alternative avenue for LawMode to recover for LexisNexis's alleged wrongful reverse engineering.

[6]Since the Court has not converted this to a motion for summary judgment, the declarations of two LexisNexis employees (Def.'s Mot. to Dismiss, Exs. C and D) are irrelevant for purposes of this Order.

**C. LawMode's Tortious Conversion Claim**

LexisNexis asserts three grounds for dismissing LawMode's tortious conversion claim: (1) this claim is the same as LawMode's unfair competition claim, which it previously withdrew with prejudice, (2) this claim is preempted by the Copyright Act, and (3) this claim fails to state a separate non-contractual duty that was breached, so it is not independent of LawMode's breach of contract claim. For the reasons stated below, the Court need only address LexisNexis's second argument, as the Copyright Act preempts LawMode's tortious conversion claim pursuant to 17 U.S.C. § 301.

As the Court previously noted in its December 9, 2004 Order, § 301 preempts a state law claim when (1) the work is within the scope of the "subject matter of the copyright," and (2) the rights granted under state law are equivalent to any of the exclusive rights within the scope of federal copyright protection. *Stromback v. New Line Cinema*, 384 F.3d 283, 301 (6th Cir. 2004). The December 2004 Order found that the Content fell within the Copyright Act's scope, and the Sixth Circuit has held that

> [e]quivalency exists if the right defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive rights. Conversely, if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display in order to constitute a state-created cause of action, there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim.

*Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 456 (6th Cir. 2001). LexisNexis cites several additional Sixth Circuit cases which have held that § 301 of the Copyright Act preempts a state law conversion claim. *See Ritchie v. Williams*, 395 F.3d. 283, 287-89 (6th Cir. 2005); *Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 636-37 (6th Cir. 2001).

In general, a court considering the equivalency prong of the preemption analysis should only look to the various elements of the plaintiff's state law claim to see if an extra element is required beyond those necessary for a claim of copyright infringement. The court should not examine the underlying facts pled in support of the plaintiff's claim. *Stromback*, 384 F.3d at 304 (quoting *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655 (4th Cir. 1993)). "Nonetheless, a court may be required to review the facts as pled by the plaintiff in order to determine whether the acts giving rise to the state law claim are merely acts of copyright infringement." *Stromback*, 384 F.3d at 304. Specifically with regards to a conversion claim, the *Stromback* court noted in dicta that "a conversion claim will usually survive preemption because the tort relates to the unauthorized exercise of dominion and control, or interference with, another's personal property." *Id.* at 305. That said, "[w]here the conversion claim involves intangible property, a court should examine the plaintiff's allegations to determine whether the state law right is equivalent to one of the exclusive rights [of a copyright holder] under Section 106 [of the Copyright Act]." *Id.* The Court will proceed to consider both forms of analysis here, as the property which LawMode alleges LexisNexis converted was the "computer files, documents, and the ideas therein, most of which contain *Content* transferred by LawMode over several years to LexisNexis." (Pl.'s Resp. at 12 (emphasis in original).) Thus, such items could constitute either tangible or intangible personal property, depending on the particular delivery method or medium LawMode used in sending Content to LexisNexis.

Although the Agreement included a choice of law clause that selected Utah law to govern any disputes arising out of this contractual relationship, the parties disagree on

15

whether Michigan or Utah law should apply to any non-contractual claims in the case. This disagreement is not material for purposes of the preemption issue, however, as the Court finds that the elements of a conversion claim are essentially the same under Utah or Michigan law:

> A conversion is an act of wilful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession. . . . Although conversion results only from intentional conduct it does not however require a conscious wrongdoing, but only an intent to exercise dominion or control over the goods inconsistent with the owner's right.

*Allred v. Hinkley*, 328 P.2d 726, 728 (Utah 1958).

> In the civil context, conversion is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein. In general, it is viewed as an intentional tort in the sense that the converter's actions are wilful . . . .

*Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 606 (Mich. 1992).

At least one panel of the Sixth Circuit has held that the Copyright Act preempted a conversion claim under Michigan law pursuant to § 301. *Murray Hill*, 264 F.3d at 636-37. That court stated:

> In summary, plaintiffs claim that WJR wrongfully incorporated the Song in the Recording and sold the Recording for profit; that it wrongfully displayed the Line on billboards along the Detroit highways; and that the artwork employed on its billboards wrongfully appropriated the style of the Artwork in plaintiffs' souvenir brochures. In other words, plaintiffs argue that WJR took their works and reproduced them, distributed them, publicly performed and displayed them, and made derivative works from them. Each of these actions would, in and of itself, infringe one of the exclusive rights set out in § 106 [of the Copyright Act]; furthermore, no element either in addition to or instead of these actions is required to constitute the state law cause of action. We therefore conclude that plaintiffs' conversion claim satisfied the equivalency requirement of the preemption analysis and is preempted by the Copyright Act.

*Id.* at 637. Similarly, a review of ¶¶ 30-38 of the Amended Complaint lead to a

conclusion that LawMode's tortious conversion claim is really a disguised claim for copyright infringement. At its heart, this claim alleges that LexisNexis unlawfully used LawMode's Content for the purposes of designing LexisNexis's competing set of forms, which it would then sell. Such allegations are the same as if LawMode claimed that LexisNexis infringed on its exclusive rights under the Copyright Act to copy, distribute, and make derivative works of LawMode's copyrightable forms. Furthermore, this section in the Amended Complaint is peppered with words such as "substantially," "similar," and "ideas and expressions," all of which are associated with various elements of a copyright infringement claim.

In its response brief, LawMode argues that several factors of the relationship between the parties create additional elements that take this case beyond a mere claim for copyright protection: (1) the fact that LawMode owns Content under the Agreement, (2) LexisNexis made a promise to pay for the Content, and (3) the particular legal remedy available to a plaintiff claiming tortious conversion does not exist under the Copyright Act. LawMode's first two positions miss the mark on the key point of this analysis, however, as neither of these factors concern an element of the cause of action for conversion under Utah or Michigan law. These represent underlying facts that will be present or not in any particular case of conversion or copyright infringement, but neither goes to a required *element* of a viable claim under state or federal law. LawMode's third argument is also meritless, as it, too, focuses on the particular remedy available once a plaintiff has pleaded a valid cause of action rather than the root question of whether the elements of a particular cause of action are the same as those required for copyright infringement.

Finally, LawMode asserts that "[i]f *Wrench*[, 256 F.3d 446,] protected an *implied* contract to pay, then the *express* contract in the case at bar is not subsumed by the Copyright Act and LexisNexis must pay LawMode for its tortious conversion." (Pl.'s Resp. at 18 (emphasis in original).) *Wrench* is inapplicable to the instant preemption question, however, as the claim which LexisNexis argues is preempted is one for tortious conversion, and not breach of contract, which was at issue in that case.[7] Thus, LawMode's final argument against preemption is without merit.

For these reasons, the Court concludes that § 301 of the Copyright Act preempts LawMode's tortious interference claim, and LexisNexis's motion to dismiss this claim is GRANTED.

### D. LawMode's Fraudulent Inducement Claim

In its December 9, 2004 Order, this Court dismissed LawMode's fraud claim for lack of specificity under Fed. R. Civ. P. 9(b), but granted leave to amend the Complaint. A review of the Amended Complaint confirms that the claim now meets the specificity requirements,[8] and LawMode bases it upon allegations that LexisNexis fraudulently induced LawMode not to cancel the Agreement in successive years, thus allowing the Agreement to continue in force. LexisNexis argues that LawMode has not made a viable claim for fraudulent inducement, however, because such a claim requires the misrepresentation of an actual fact existing at the time of the misrepresentation, and all

---

[7]The district court below in *Wrench* dismissed the plaintiff's claim for conversion on preemption grounds, and the plaintiff did not appeal that portion of the decision to the Sixth Circuit.

[8]LexisNexis does not argue to the contrary in its briefs.

of LawMode's allegations concern future promises that LexisNexis made, rather than misrepresentation of present facts.

Again, the parties dispute whether Utah or Michigan law applies to this non-contractual claim, but the Court is willing to assume, for sake of argument, that Utah law governs this issue pursuant to the Agreement's choice of law clause. Under Utah law, the elements of a fraudulent inducement claim are:

> (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.

*Dugan v. Jones*, 615 P.2d 1239, 1246 (Utah 1980), *rev'd on other grounds*, *Arnold v. Curtis*, 846 P.2d 1307, 1309 (Utah 1993). As noted, the second element typically requires that the defendant misrepresent "a *presently existing* material fact," (emphasis added) but Utah courts have permitted a plaintiff's fraudulent inducement claim based upon a promise for future performance if that party asserts that "at the time of the representation, [the defendant] did not intend to perform the promise and made the representation for the purpose of deceiving [the plaintiff]." *Republic Group, Inc. v. Won-Door Corp.*, 883 P.2d 285, 292 (Utah Ct. App. 1994).

Upon reviewing ¶¶ 39-56 of the Amended Complaint covering LawMode's fraudulent inducement claim, the Court concludes that all of LawMode's allegations concern alleged promises for future conduct that LexisNexis made in order to obtain LawMode's continuation with the Agreement. Thus, LawMode must claim that, at the time LexisNexis made these various promises, it did not intend to fulfill them in the

future. Of this entire portion of the Amended Complaint, only ¶¶ 52(b) and 54 plead the requisite mental state of intent.[9]

With regards to ¶ 52(b), LawMode alleges that LexisNexis made an offer to terminate the Agreement sometime during 2000, apparently on terms that LawMode found unfavorable, event though LexisNexis knew that it intended to cancel the Agreement according to its terms during 2001, all under a desire "to continue exploiting the efforts of LawMode." (Pl.'s Resp. at 17.) Although LawMode properly pleads intent here, ¶ 52 fails to argue that LexisNexis made any promise in connection with its offer to terminate the Agreement that would support a fraudulent inducement claim. For this reason, LawMode's allegations in ¶ 52 do not state a valid claim for fraudulent inducement.

As for ¶ 54, LawMode claims that LexisNexis "induced [it] to revise hundreds of templates, continuing to improve LawMode's Original Work through August 2001, even though LexisNexis knew (or should have known) that it intended to terminate the parties' LawMode (sic) less than three months later . . . ." (*Id.* at 18.) Again, this allegation fails to state a valid claim for fraudulent inducement, because it does not claim that LexisNexis made a promise that it would not exercise its otherwise available

---

[9]In several other places, LawMode asserts that LexisNexis employees acted recklessly in making such representations without sufficient knowledge upon which to base these statements. In a typical fraudulent inducement case under Utah law involving misrepresentation of a then-existing fact, the less stringent mental state of recklessness would suffice to meet a plaintiff's burden of pleading the elements of this cause of action. Here, however, LawMode is claiming that LexisNexis misrepresented its intentions regarding performance of future actions. As discussed previously, Utah law requires that the defendant act intentionally for a plaintiff to properly plead this form of fraudulent inducement claim. Thus, LawMode's allegations of reckless conduct are insufficient given the facts raised in the Amended Complaint.

right to cancel the Agreement according to that document's own terms.  Thus, the allegations in ¶ 54 also do not state a valid claim for fraudulent inducement.  For these reasons, LexisNexis's motion to dismiss LawMode's fraudulent inducement claim is GRANTED.

## IV.  CONCLUSION

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders as follows:

Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Specifically, the Court (1) DISMISSES IN PART the breach of contract claim, (2) allows the breach of the duty of good faith and fair dealing claim to proceed, (3) DISMISSES the tortious conversion claim, and (4) DISMISSES the fraudulent inducement claim.  As a result, LawMode's remaining claims are for (1) breach of contract under ¶¶ 23(a), 23(c), 24(a), 25(a) and 26(b) of the Amended Complaint, and (2) breach of the duty of good faith and fair dealing under ¶ 27 of the Amended Complaint.

Plaintiff's motion to strike is DENIED.

SO ORDERED.




                              s/Nancy G. Edmunds_____
                              Nancy G. Edmunds
                              United States District Judge

Dated:  May 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager