# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ROSS, BROVINS & OEHMKE, P.C.
d/b/a LAWMODE
a Michigan corporation,

       Plaintiff,                      Case No. 03-74474
                                          Honorable Nancy G. Edmunds
vs.                                        (Magistrate Judge Steven D. Pepe)

LEXIS/NEXIS, a Division of Reed Elsevier
Group, PLC, a British Corporation, and owner
of Matthew Bender & Co., Inc., a New York
corporation, d/b/a Capsoft Development
Corporation,
       Defendant.
_____/

| | |
|---|---|
| Thomas H. Oehmke (P22963)<br>11997 E. Camp Haven Rd.<br>Northport, MI 49670<br>(231) 386-7018<br><br>*Attorneys for Plaintiff* | BUTZEL LONG<br>James E. Stewart (P23254)<br>Laurie J. Michelson (P47214)<br>350 South Main Street, Suite 300<br>Ann Arbor, Michigan 48104<br>(734) 995-3110<br><br>- and -<br><br>PROSKAUER ROSE LLP<br>Charles S. Sims<br>Jordan B. Leader<br>1585 Broadway<br>New York, New York 10036<br>(212) 969-3950<br><br>*Attorneys for Defendant* |

_____/

### **LEXISNEXIS'S MOTION FOR RECONSIDERATION AS TO COUNT II**

Defendant LexisNexis, by its attorneys, move this Court, pursuant to Eastern District of Michigan Local Rule 7.1(g), for reconsideration of the Court's denial of its Motion for Summary Judgment with respect to Count II of Plaintiff's Amended Complaint.

This Motion is based upon the facts, arguments, and legal authority in Defendant's accompanying Memorandum of Law in Support of this Motion.

On June 11, 2007, prior to filing its Motion for Reconsideration, counsel for Defendant attempted to obtain concurrence in the relief sought but was unable to do so.

**WHEREFORE,** LexisNexis respectfully requests that this Court grant its Motion for Reconsideration.

June 12, 2007

PROSKAUER ROSE LLP
Charles M. Sims
Jordan B. Leader
1585 Broadway
New York, New York 10036
(212) 969-3950

s/ Laurie J. Michelson
BUTZEL LONG
James E. Stewart (P23354)
Laurie J. Michelson (P47214)
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
[P47214]
michelso@butzel.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROSS, BROVINS & OEHMKE, P.C.
d/b/a LAWMODE
a Michigan corporation,

        Plaintiff,                      Case No. 03-74474
                                               Honorable Nancy G. Edmunds
vs.                                          (Magistrate Judge Steven D. Pepe)

LEXIS/NEXIS, a Division of Reed Elsevier
Group, PLC, a British Corporation, and owner
of Matthew Bender & Co., Inc., a New York
corporation, d/b/a Capsoft Development
Corporation,
        Defendant.
_____/

| | |
|---|---|
| Thomas H. Oehmke (P22963)<br>11997 E. Camp Haven Rd.<br>Northport, MI 49670<br>(231) 386-7018<br><br>*Attorneys for Plaintiff* | BUTZEL LONG<br>James E. Stewart (P23254)<br>Laurie J. Michelson (P47214)<br>350 South Main Street, Suite 300<br>Ann Arbor, Michigan 48104<br>(734) 995-3110<br><br>- and -<br><br>PROSKAUER ROSE LLP<br>Charles S. Sims<br>Jordan B. Leader<br>1585 Broadway<br>New York, New York 10036<br>(212) 969-3950<br><br>*Attorneys for Defendant* |

_____/

**MEMORANDUM OF LAW IN SUPPORT OF
LEXISNEXIS'S MOTION FOR RECONSIDERATION AS TO COUNT II**

**TABLE OF CONTENTS**

                              **Page**

INDEX OF AUTHORITIES ................................................................................................ ii

I. ISSUE PRESENTED ............................................................................................... iii

II. INTRODUCTION ..................................................................................................... 1

III. ARGUMENT ............................................................................................................. 2

    A. LexisNexis Made a Motion for Summary Judgment, Not a Motion to Dismiss .................................................................................................. 2

    B. LawMode Had Clear Notice that LexisNexis Moved for Summary Judgment and Failed to Oppose the Motion Adequately Under Either Rule 56(e) or 56(f) ............................................................................... 4

    C. Summary Judgment is Appropriate on LawMode's Breach of Duty Claim .......... 7

IV. CONCLUSION ......................................................................................................... 8

# INDEX OF AUTHORITIES

**Page**

**Cases**

*Cacevic v. City of Hazel Park*,
  226 F.3d 483, 488 (6th Cir. 2000) ............................................................................... 6
*Fleck v. Titan Tire Corp.*,
  177 F. Supp. 2d 605 (E.D. Mich. 2001) ....................................................................... 2
*Gencorp, Inc., v. AIU Ins. Co.*,
  304 F. Supp. 2d 955 (N.D. Ohio 2004) ........................................................................ 6
*Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*,
  349 F.3d 300 (6th Cir. 2003) ....................................................................................... 6

**Rules**

Fed. R. Civ. P. 56 .................................................................................... iii, 1, 2, 4, 5, 6, 7
Local Rule 7.1 ........................................................................................................... 2
Rule 12(b) ................................................................................................... 1, 2, 4, 6

I. **ISSUE PRESENTED**

Whether the Court should reconsider its denial of LexisNexis's motion for summary judgment with respect to LawMode's breach of duty of good faith and fair dealing claim (Count II of the Amended Complaint, advancing a trade secrets claim), where (i) the Court evidently did not see that LexisNexis's motion against Count II was expressly a properly supported Rule 56 motion for summary judgment, (ii) LawMode failed to demonstrate any genuine material issues of fact or seek a continuance based on the unavailability of evidence to oppose the motion under Rule 56(f), and (iii) on the undisputed record LexisNexis was entitled to summary judgment as a matter of law.

## II. INTRODUCTION

LexisNexis respectfully moves for reconsideration of one of the many holdings rendered by the Court's May 31, 2007 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, or for Summary Judgment, and Denying Plaintiff's Motion to Strike (the "Order"). Among other things, that Order treated LexisNexis's motion for summary judgment with respect to Count II of the First Amended Complaint, LawMode's claim of breach of duty of good faith and fair dealing, which was essentially a trade secret misappropriation claim (the "Breach of Duty Claim"), as if it were a motion to dismiss under Rule 12(b), and denied what it perceived as a motion addressed to the pleading. That decision palpably is in error, and prompt correction of that error would have a substantial and profound impact on the scope of the issues remaining and on the discovery to be undertaken by the parties.

The Court held that "the instant motion to dismiss LawMode's breach of duty of good faith and fair dealing claim is DENIED." (Order, p. 13; emphasis supplied) But the Court failed to note that as to Count II, LexisNexis moved for summary judgment. As the argument headings and text repeatedly made plain, the gravamen of the motion was that, as a matter of law on undisputed facts, LexisNexis was entitled to judgment as a matter of law under Rule 56, not that Count II failed to state a claim. LexisNexis attached to its motion and cited to uncontroverted documentary evidence and declarations, proper and sufficient under Rule 56, that establish its entitlement to summary judgment on the Breach of Duty Claim as a matter of law.

LawMode's opposition confirms that LawMode knew it faced a motion that in some respects was for summary judgment (as the title of its opposition reflects), but the opposition failed to demonstrate *either* that LexisNexis's legal argument was inaccurate, *or* the existence of any genuine issues of material fact, *or* any affidavit under Rule 56(f) of excusable inability to respond.

The Order denying a Rule 12(b)(6) motion to dismiss Count II, when LexisNexis made a proper Rule 56 motion and was entitled as a matter of law to summary judgment under that rule, was a palpable error that should be corrected, and whose correction will greatly simplify and reduce further discovery and litigation in what remains of this case. Thus, the Court should grant this motion for reconsideration and hold, in light of the completed briefing and argument on the Rule 56 motion, that the Breach of Duty Claim is subject to summary judgment as a matter of law.

### III.   ARGUMENT

Local Rule 7.1 provides for the granting of a motion for reconsideration where the movant shows a "palpable defect by which the Court and the parties have been misled," and that a different disposition of the case would result from a correction thereof. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605 (E.D. Mich. 2001). The Court's Order of May 31, 2007, suffers from such a palpable defect because the Court mistakenly believed that LexisNexis moved to dismiss the Breach of Duty Claim, and thus ignored the uncontroverted evidence demonstrating that LexisNexis is entitled to summary judgment on this claim.

**A.   LexisNexis Made a Motion for Summary Judgment, Not a Motion to Dismiss**

On February 14, 2007, LexisNexis filed its Motion to Dismiss or, in the Alternative, for Summary Judgment. While certain claims were subject to a motion to dismiss, others – including Count II – were expressly subject to a motion for summary judgment. The motion made clear that LexisNexis was seeking summary judgment on the Breach of Duty Claim. For example:

- The Concise Statement of the Issues Presented in LexisNexis's moving brief could not have been clearer in lodging its motion against Count II under Rule 56. Concise Issue 2 provides: "2.  Whether LawMode's claim for breach of the duty

2

of good faith and fair dealing (Count II) should be dismissed on summary judgment as a matter of law."

- The heading with respect to the Breach of Duty Claim stated, "II.  Summary Judgment is Appropriate on LawMode's Breach of Good Faith and Fair Dealing Claim."  (Mov. Br. p. 12.)

- The heading of Point III in LexisNexis's Reply Memorandum reads: "Summary Judgment is Appropriate on LawMode's Breach of Good Faith and Fair Dealing Claim."  (Reply Mem. i (Table of Contents) and 5.)

LawMode's opposition to the motion was entitled "Plaintiffs' Answer to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment."  Moreover, in its argument as to Count II, LawMode clearly knew it faced a summary judgment motion, attempting to downplay the Declarations of Linda Barclay and Andrew Stein on the ground that they "merely create issuable facts [sic]."  (Opp. Br. p. 9.)

The May 31 Order, however, ignored that LexisNexis moved for summary judgment as to Count II, and treated the motion solely as a motion to dismiss:

> In its December 9, 2004 Order, this Court dismissed most of LawMode's allegations in support of the breach of duty of good faith and fair dealing claim, but did not dismiss LawMode's claim to the extent that it relied upon the allegations of a misappropriation of information delivered in confidence.… Since LawMode's claim in ¶ 27 of the Amended Complaint is the same as the one which survived LexisNexis's previous motion to dismiss, <u>the instant motion to dismiss LawMode's breach of duty of good faith and fair dealing claim is DENIED</u>.
>
> <u>Since the Court has not converted this to a motion for summary judgment</u>, the declarations of two LexisNexis employees (Def's Mot. to Dismiss, Exs. C and D) are irrelevant for purposes of this Order.  (Order, p. 13 and n. 6; emphasis supplied)

Perhaps because LawMode identified no genuine issue of material fact and its treatment of LexisNexis's motion did not grapple with the facts submitted on the motion and the argument that the elements of the claim could not be proven (*see* Opp. Br. pp. 6-10), or perhaps for other reasons, the Court misperceived the basis of LexisNexis's motion as to Count II.  But that basis

3

was clear, and there should have been no issue of whether or not to "convert this to a motion for summary judgment." The defendant did not add extraneous materials to a motion to dismiss, but expressly invoked Rule 56 and properly supported its motion as Rule 56 requires. LexisNexis most respectfully submits that the May 31 Order – having not decided the summary judgment motion against Count II that LexisNexis did make, and treated it as a Rule 12(b)(6) motion that LexisNexis did not make – is erroneous, insofar as Count II is concerned, and should be reconsidered so that the motion for summary judgment on that claim may be promptly decided on its merits.

**B.     LawMode Had Clear Notice that LexisNexis Moved for Summary Judgment and Failed to Oppose the Motion Adequately Under Either Rule 56(e) or 56(f)**

As the excerpts above from its moving brief demonstrate, LexisNexis gave unmistakably clear notice, as required by Rule 56, that it made a summary judgment motion with respect to the Breach of Duty Claim. That LawMode's opposition brief tried to some extent to avoid summary judgment by largely treating LexisNexis's motion as a motion to dismiss (Opp. Br. pp. 6-10) is irrelevant under Rule 56, if defendant's motion was properly made and supported, as it was. While LexisNexis disagrees that the claim in Count II was properly pled, it is precisely because of this Court's December 2004 ruling sustaining the pleading that LexisNexis made a summary judgment motion, expressly and repeatedly denominating it as such. The Reply Memorandum of LexisNexis could not have been clearer in reminding LawMode (and the Court) of the basis for its motion: "LawMode attempts to defend its claim for breach of the duty of good faith and fair dealing by the pretense that LexisNexis moved to dismissed the claim, when in fact LexisNexis moved for summary judgment."  (Reply Br. p. 5)

Neither before nor after receiving LexisNexis's reply brief did LawMode seek a continuance from the Court, pursuant to Fed. R. Civ. P. 56(f), to file additional affidavits in

4

opposition to the summary judgment motion or to seek discovery in order to oppose the motion, or to explain why it could not respond. (Moreover, the pertinent facts to create a disputed issue of material fact, if they existed at all, would have been in LawMode's own hands: if the Agreement had a term requiring trade secrecy, or if LawMode had provided trade secrets to LexisNexis and its predecessors, documents so establishing should have been in LawMode's own files.) LawMode's failure to oppose LexisNexis's properly supported summary judgment motion against Count II under the standards of Rule 56(e) and (f) should have been – and should be now – fatal to LawMode's Breach of Duty Claim.

As LexisNexis's reply memorandum explained, LawMode's opposition rested solely on the Second Declaration of Thomas H. Oehmke (whose very submission confirms LawMode's knowledge that it faced a Rule 56 motion). That declaration attempted to create an issue of fact with respect to the Breach of Duty Claim by asserting that LawMode's employees did not know the two individuals who submitted declarations on behalf of LexisNexis. (*See* Opp. Br. p. 9, and Ex. A) Oehmke's statement, however, failed to create a genuine issue of material fact on the existence of any duty of confidentiality that LexisNexis's creation and sale of its own material breached, or that any of the information conveyed to LexisNexis by LawMode was in fact a trade secret. The issue was not whether Mr. Oemhke had heard of the declarants, but whether he had <u>either</u> evidence sufficient to permit a factfinder to find that plaintiff could prove each required element of the claim, including that secrecy had been contractually required or imposed in fact, <u>or</u> an adequate Rule 56(f) excuse for lacking such evidence.

"When a party opposing a motion for summary judgment believes that further discovery is needed to develop the issues addressed in the motion, that party must file an affidavit pursuant to Fed. R. Civ. P. 56(f) to 'indicate to the district court its need for discovery, what material facts

5

it hopes to uncover, and why it has not previously discovered the information.'" *Gencorp, Inc., v. AIU Ins. Co.*, 304 F. Supp. 2d 955 (N.D. Ohio 2004) (denying plaintiff's motion for reconsideration of the court's order granting summary judgment, and refusing to consider evidence plaintiff discovered after briefing was complete because plaintiff failed to file an affidavit prior to the issuance of the court's decision seeking a continuance pending further discovery), *quoting Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

The Sixth Circuit has stressed that "the importance of complying with Rule 56(f) cannot be overemphasized." *Cacevic*, 226 F.3d at 488. "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Id. See also Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*, 349 F.3d 300 (6th Cir. 2003) (affirming district court's grant of summary judgment, where plaintiff failed to state in affidavit that she needed discovery in order to respond to the summary judgment motion).

Here, LawMode filed no Rule 56(f) affidavit, and so the motion should have been granted unless it was legally defective (which it was not) or blocked by a genuine issue of material fact created by an adequate Rule 56(e) opposition (which LawMode failed to establish). LexisNexis should not have to litigate a claim which it was entitled to have dismissed by its Rule 56 motion. The rules afford courts discretion to convert (or not) Rule 12(b)(6) motions to summary judgment motions, but no discretion to convert properly supported Rule 56 motions into motions to dismiss. Rule 56(c) directs that "The judgment sought <u>shall be rendered forthwith</u> if . . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the

6

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Because Count II, although denominated as a claim for breach of the duty of good faith and fair dealing, is essentially a misappropriation of trade secrets claim, as the briefing made plain, discovery on Count II would be entirely different from and considerably more extensive than discovery on the other claims sustained by the Court's May 31 Order. It would entail different documents, and different questions, probably of different witnesses, and present entirely different damage issues. The resolution of this litigation will happen much earlier, and the parties will be put to considerably less burden and expense, should Count II be dismissed under Rule 56.

**C.       Summary Judgment is Appropriate on LawMode's Breach of Duty Claim**

The parties have already had a full opportunity to brief, and have briefed, the summary judgment motion LexisNexis made, and that motion is ripe for decision. We respectfully refer the Court to Point II of the opening brief; Point II of LawMode's opposing brief, including the Second Oemhke Declaration submitted therewith, and Point III of LexisNexis's Reply, which together warrant grant of LexisNexis's motion for summary judgment against Count II.

7

## IV.  **CONCLUSION**

For the reasons stated above, LexisNexis requests that the Court reconsider its Order and on that reconsideration grant LexisNexis's motion for summary judgment with respect to the Breach of Duty Claim.

June 12, 2007

| | |
|---|---|
| PROSKAUER ROSE LLP<br>Charles M. Sims<br>Jordan B. Leader<br>1585 Broadway<br>New York, New York 10036<br>(212) 969-3950 | s/ Laurie J. Michelson<br>BUTZEL LONG<br>James E. Stewart (P23354)<br>Laurie J. Michelson (P47214)<br>350 South Main Street, Suite 300<br>Ann Arbor, Michigan 48104<br>(734) 995-3110<br>[P47214]<br>michelso@butzel.com<br>*Attorneys for Defendants* |

8

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                                        s/ Laurie J. Michelson
                                        Butzel Long
                                        350 South Main Street, Suite 300
                                        Ann Arbor, Michigan  48104
                                        (734) 995-3110
                                         [P47214]
                                        michelso@butzel.com