# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ROSS, BROVINS & OEHMKE, P.C.
d/b/a LAWMODE
a Michigan corporation,

      Plaintiff,

vs.

LEXIS/NEXIS, a Division of Reed Elsevier
Group, PLC, a British Corporation, and owner
of Matthew Bender & Co., Inc., a New York
corporation, d/b/a Capsoft Development
Corporation,
      Defendant.
_____/

Case No. 03-74474
Honorable Nancy G. Edmunds
(Magistrate Judge Steven D. Pepe)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## LEXISNEXIS'S MOTION FOR RECONSIDERATION AS TO COUNT II

Thomas H. Oehmke (P22963)
11997 E. Camp Haven Rd.
Northport, MI 49670
(231) 386-7018

*Attorneys for Plaintiff*

BUTZEL LONG
James E. Stewart (P23254)
Laurie J. Michelson (P47214)
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110

- and -

PROSKAUER ROSE LLP
Charles S. Sims
Jordan B. Leader
1585 Broadway
New York, New York 10036
(212) 969-3950

*Attorneys for Defendant*

## TABLE OF AUTHORITIES

**Page No.**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................ 2

*Beard v. Banks*,
   126 S. Ct. 2572 (2006) ........................................................................................................ 4

*Bridgeport Music. Inc. v. Diamond Time, Ltd.*,
   371 F.3d 883 (6th Cir. 2004) .............................................................................................. 2

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................................ 1

*First Nat'l Bank v. Cities Serv. Co.*,
   391 U.S. 253 (1968) ............................................................................................................ 2

*Gregg v. Allen-Bradley Co.*,
   801 F.2d 859 (6th Cir. 1986) .............................................................................................. 2

*Kraft v. United States*,
   991 F.2d 292 (6th Cir.),
   *cert. denied*, 510 U.S. 976 (1993) .................................................................................... 2

*Smith v. Hudson*,
   600 F.2d 60 (6th Cir. 1979) ................................................................................................ 4

*Tri-Med Fin. Co. v. Prudential Sec. Inc.*,
   1997 U.S. Dist. LEXIS 23701 (S.D. Ohio 1997) ....................................................... 1, 3-4

*Wuliger v. Eberle*,
   414 F. Supp. 2d 814 (N.D. Ohio 2006) ............................................................................. 5

**STATUTES & RULES**

28 U.S.C. § 1746 ......................................................................................................................... 1

Fed. R. Civ. P. Rule 56 ................................................................................................. 3, 4, 5, 6, 7

**OTHER AUTHORITIES**

10B Wright & Miller, Federal Practice and Procedure § 2739 (2007) ......................................... 5

11 Moore's Federal Practice § 56.03[3] (2007) ........................................................................... 5

CONCLUSION ............................................................................................................................ 6

LexisNexis argued, first, that reconsideration was warranted because the Court's May 31 Order decided a motion to dismiss Count II that LexisNexis had not made, rather than the summary judgment motion that it did make; and second, that on reconsideration, the Court should grant LexisNexis's motion for summary judgment as to Count II. Plaintiff offers no reason why LexisNexis is wrong on the first point, and apparently concedes that LexisNexis is entitled to a decision on the merits of its Rule 56 motion, which it has not yet received.

Plaintiff's arguments for denying summary judgment are insupportable.

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). When a party opposing a claim moves for summary judgment, the pleader must show, not merely say, that she has evidence sufficient to get to a jury on every disputed element of the claim. *Id.* A defendant's motion may, but need not, disprove essential elements of plaintiff's claims. *Id.* "[T]he party against whom a claim is asserted, in this case the defendant, may move without supporting affidavit . . . Rule 56(b) specifically permits such practice." *Tri-Med Fin. Co. v. Prudential Sec. Inc.*, 1997 U.S. Dist. LEXIS 23701, *39-40 (S.D. Ohio 1997); *see also Celotex*, 477 U.S. at 324-26.

When a defendant moves for summary judgment on the ground that plaintiff cannot prove essential elements of a claim, the plaintiff in opposition is obligated to proffer either an affidavit or declaration (under 28 U.S.C. § 1746 it makes no difference which) compliant with Rule 56(f) giving reasons for the present inability to muster a response and asking for a continuance, which has not been done here, or an affidavit or declaration compliant with Rule 56(e) which would permit a jury to find for the plaintiff as to each element of the claim. The plaintiff "is not entitled to a trial merely on the basis of allegations; significant probative

1

evidence must be presented to support the complaint." *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir.) (emphasis added), *cert. denied*, 510 U.S. 976 (1993); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). "Specific facts" are required. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968). "At the summary judgment phase, 'the nonmoving party may not rest on his pleadings, but must come forward with evidence from which a rational trier of fact could find in his favor.'" *Bridgeport Music. Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 889 (6th Cir. 2004), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Because plaintiff's declaration did not invoke Rule 56(f) and provide "reasons . . . that the party cannot . . . present by affidavit facts essential to justify the party's opposition," LexisNexis's motion must therefore be granted unless the Oemhke Declaration is adequate under Rule 56(e), which provides, in pertinent part, that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." (emphasis added) In light of that provision and its vigorous enforcement by the courts, plaintiff's opposition is plainly deficient under Rule 56(e).

1. Mr. Oemhke's six-paragraph declaration contains not a single statement of fact supporting any element of plaintiff's trade secret claim. Notwithstanding Michigan law or Utah law, both of which are the same,[1] and which require that trade secrets must be identified "clearly, unambiguously, and with specificity," there was no such specification whatsoever in the Oemhke Declaration (or for that matter in the Complaint).[2] Putting aside for the moment paragraph 1 of the Oemhke Declaration, paragraphs 2-6

---

[1] Cited in LexisNexis's summary judgment motion at 12-13 and reply memorandum at 5-6.
[2] Paragraph 27 of the Complaint mentions seven alleged "trade secrets" as follows:
   a. LawMode's sources of research.

2

- identify no trade secrets at all, much less clearly, unambiguously, or with specificity;

- provide no factual basis for a jury to find that LawMode had provided materials to LexisNexis or its predecessors (hereafter "LexisNexis") that were in fact trade secrets, and that they were provided under an enforceable obligation of secrecy;

- provide no factual basis for a jury to find to that LexisNexis agreed to or was bound by any such secrecy obligations, in view of the express provision, in paragraph 12 of the Agreement, that "[t]his Agreement constitutes the entire understanding and compact between the parties" and could "be modified or amended only by a writing signed by authorized representatives of both parties";

- provide no factual basis for a jury to find that LexisNexis breached any binding obligation of trade secrecy, when its prior sale of the LawMode product – which LawMode has continuously asserted was practically identical – was never objected to as a misappropriation of trade secrets, but concededly "incorporated" the alleged trade secrets; and

- provide no factual basis for a jury to find that LexisNexis breached any binding obligation of trade secrecy because they present no evidence that any alleged trade secrets were misappropriated into LexisNexis's own product.

Here, as in a closely comparable case cited above, *Tri-Med*, at *39-40*, given the

declaration's failure to offer *any* facts permitting key elements of the claim to be found by a jury,

> The plaintiff has utterly failed to establish the existence of a trade secret. . . . There is no showing by the plaintiff that the information is valuable, confidential, or otherwise privileged.
>
> Further, there is no evidence, under Fed. R. Civ. P. 56(e), upon which this Court could find that the defendant engaged in a misappropriation of a trade secret. The record is devoid of any such information. <u>Instead, the plaintiff has elected to stand upon its pleadings, as specifically prohibited by Rule 56(e)</u>.

2. As noted above, because paragraphs 2-6 of the Oemhke Declaration are entirely

insufficient to permit a jury to find for LawMode on any element of Count II, much less each of

---

b. a selection (which included and excluded hundreds of SCAO and other government forms), including the sources of those legal forms and their revisions.
c. data from Michigan practice categories which indicated there was a market for certain Content but not for other content.
d. identification of Michigan legal and other markets and submarkets for the Product.
e. intelligence about competitors and their competing products.
f. legal expertise in coding SCAO and other form gained over more than a combined 50 years in general practice and litigation.
g. other trade secrets and practices related to creating and marketing the Product.

3

them, plaintiff's opposition fails and the summary judgment motion should be granted unless the first paragraph of the Oemhke Declaration – which reads, in full, "All facts in the First Amended Complaint are true to the best of my knowledge and belief and I am competent to testify to those facts" – creates a fact issue under Rule 56(e). Even a cursory glance establishes that it is not compliant or sufficient under Rule 56(e), and indeed that it is precisely what the Rule expressly deems insufficient. Plaintiffs are not entitled

> to get to the jury on the basis of the allegations in their complaints, coupled with the hope that something can be developed at trial.... [S]ummary judgment [is] proper where the facts alleged in the complaint [are] directly contravened in the affidavits supporting the defendants' motion for summary judgment, and where the plaintiff's version of the facts was not presented in any deposition, affidavit, or other document on file, except the pleadings.

*Smith v. Hudson*, 600 F.2d 60, 64 -65 (6th Cir. 1979) (citations omitted). Plaintiffs "may not rest upon assertions made in the complaint, as specifically noted in Fed. R. Civ. P. 56(e)," *Tri-Med*, at *39-40, even if the defendant merely put plaintiff to its proof and did not (as here) prove the contrary. "Unless the plaintiff replies with affidavits, testimony, or other type evidence permitted under Rule 56(e), the defendant's Motion should be granted." *Id.; see also Beard v. Banks*, 126 S. Ct. 2572, 2578 (2006) (same).

An opposition resting on the mere statement that "All facts in the First Amended Complaint are true to the best of my knowledge and belief and I am competent to testify to those facts" adds nothing whatever to the mere allegations of the Complaint, rests squarely on "<u>the mere allegations or denials of the adverse party's pleading</u>," and thereby fails the obligation to respond with "<u>specific facts showing that there is a genuine issue for trial</u>." Requiring the opponent of a summary judgment motion to rely on facts, not pleadings, was the very reason that the last two sentences in Rule 56(e) were added to the rule in 1963. *See* Wright & Miller, Federal Practice and Procedure § 2739. Evidence submitted in opposition to a defendant's sum-

4

mary judgment motion "must be sufficient to withstand a motion for directed verdict and support the verdict of a reasonable jury," 11 Moore's Federal Practice § 56.03[3], at 56-35 (citing cases), and ¶ 1 of the Oemhke Declaration is surely not sufficient. Moreover, "Information averred to the best of the affiant's knowledge or belief is insufficient to meet the requirements under Rule 56(e)," *Wuliger v. Eberle*, 414 F. Supp. 2d 814, 818 (N.D. Ohio 2006) (citing authorities), and ¶1 is so averred.[3]

The court need not decide whether a purely conclusory one-sentence assertion that "all facts are true to the best of my knowledge and belief" could ever be an adequate Rule 56(e) opposition if the complaint were sufficiently specific and granular; here, it is enough to hold that the bare, conclusory, vague, and implausible allegations in Count II are not nearly sufficiently factual for paragraph 1 of the Oemhke Declaration to satisfy Rule 56(e)'s requirement of "facts admissible in evidence" sufficient to create a material disputed fact issue.

---

[3] LawMode's attack on LexisNexis's declarants is inaccurate, as is its assumption that LexisNexis's motion depends on those declarations. First, as shown above at page 1, with or without supporting declarations negativing the allegations of the Complaint, LexisNexis's motion obligated LawMode to proffer evidence supporting each element of its trade secret claim. Second, LawMode's attack on the Barclay and Stein declarations is not well founded. Just because they did not directly communicate with LawMode does not mean that they do not have knowledge of whether or not LexisNexis obtained trade secrets, was bound by an obligation of confidentiality, or used any such confidential information in creating its products. If LawMode had evidence demonstrating that it provided trade secrets to LexisNexis (or its predecessors) in confidence and that LexisNexis had agreed to keep such information confidential – and such evidence necessarily would be in LawMode's possession – it should have, but did not, provide it in opposition to LexisNexis's summary judgment motion. The trade secret claim fails because LawMode has not presented any evidence creating a genuine issue of material fact concerning whether LexisNexis utilized any of LawMode's alleged "trade secrets" when LexisNexis created its own product. The uncontroverted evidence is that LexisNexis had created automated forms for at least one other state before it contracted with LawMode (Second Barclay Decl. ¶ 8), that when LexisNexis created its own product, Barclay and others at LexisNexis chose which Michigan forms to automate independent of, and without reference to, LawMode's product and based on LexisNexis's own market research (Second Stein Decl. ¶¶ 5-7; Second Barclay Decl. ¶¶ 5-7), and that Barclay "created and inserted all of the variables into the forms without any reference to any other product." (First Barclay Decl. ¶¶ 2-8).

## CONCLUSION

For all the reasons stated above and in its opening memorandum of law, and in its submissions in support of its summary judgment motion, LexisNexis requests that the Court reconsider its Order and on that reconsideration grant LexisNexis's motion for summary judgment with respect to Count II of the Amended Complaint.

July 6, 2007

PROSKAUER ROSE LLP
Charles M. Sims
Jordan B. Leader
1585 Broadway
New York, New York 10036
(212) 969-3950

s/ Laurie J. Michelson
BUTZEL LONG
James E. Stewart (P23354)
Laurie J. Michelson (P47214)
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

s/ Laurie J. Michelson
Butzel Long
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
[P47214]
michelso@butzel.com