UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS, BROVINS & OEHMKE, P.C.,

    Plaintiff,

Case No. 03-74474

v.

Honorable Nancy G. Edmunds

LEXIS/NEXIS GROUP,

    Defendant.

_____/

**ORDER (1) GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION [53], (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II OF THE AMENDED COMPLAINT [47], AND (3) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [54]**

This matter comes before the Court on separate motions for reconsideration from each party in this case. On May 31, 2007, this Court granted in part and denied in part Defendant Lexis/Nexis Group's ("LexisNexis's") motion to dismiss, or in the alternative, for summary judgment. LexisNexis filed its motion for reconsideration on June 12, 2007, and Plaintiff Ross, Brovins & Oehmke, P.C., d/b/a LawMode, ("LawMode") followed with its motion on June 15, 2007.

Specifically at issue in LexisNexis's motion for reconsideration is the Court's decision to deny its motion as to Count II of LawMode's Amended Complaint, which alleges a breach of the duty of good faith and fair dealing under Utah law. LexisNexis now asserts that the Court improperly treated this motion as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), rather than the true basis for the motion, which was summary judgment under Rule 56. Therefore, LexisNexis requests that this Court address

its motion under the proper standard, and argues that LawMode has not put forth sufficiently specific factual allegations to create a disputed issue of material fact regarding this claim.

For its part, LawMode asserts that this Court's dismissal of ¶¶ 23(b), 23(d), 24(b) and 25(b) of its breach of contract claim contained in the Amended Complaint was improper. In its May 31, 2007 Order, the Court dismissed these particular paragraphs because they were identical to ¶¶ 48(d) and (g) of the Complaint, which were dismissed in one of the Court's pre-appeal orders and not included in LawMode's appeal to the Sixth Circuit. LawMode's motion for reconsideration argues that, by including the language of ¶ 48 in its entirety in its appellate brief, this means ¶¶ 48(d) and (g) were also properly appealed and remain viable allegations to support its breach of contract claim on remand to this Court.

## I. STANDARD OF REVIEW–MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.1(g)(3), the Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

## II. LEXISNEXIS'S MOTION FOR RECONSIDERATION

In reviewing LexisNexis's instant motion, as well as reconsidering the parties' briefs submitted in connection with the previous motion to dismiss and for summary judgment, the Court concludes that it should have addressed LexisNexis's motion as one for summary judgment with regards to Count II. As LexisNexis notes in its motion for reconsideration,

2

its earlier briefs put LawMode on plain notice that LexisNexis sought summary judgment on the good faith and fair dealing claim.  LawMode's awareness of this point is confirmed by the fact that its response to LexisNexis's motion points to the fact that "all of the trade secrets and other confidential matters of LawMode were disclosed to other personnel at LexisNexis other than Stein and Barclay.[1]  At best, the Declarations of paralegal Barclay and Stein *merely create issuable facts.*"  (Pl.'s Resp. at 9 (footnote and emphasis added).)  Furthermore, Plaintiff does not dispute this conclusion in its response to Defendant's motion for reconsideration, so it is proper to reconsider this motion under the standards of Rule 56.

### A. Standard of Review–Motion for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue

---

[1] Andrew Stein and Linda Barclay are LexisNexis employees who signed affidavits in support of LexisNexis's motion for summary judgment, and claimed that LawMode never provided any information in confidence or pursuant to any understanding of confidentiality. (Pl.'s Mot., Exs. C and D.)

for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

**B. LexisNexis's Motion for Summary Judgment as to Count II**

The previously mentioned affidavits from Barclay and Stein in support of LexisNexis's motion for summary judgment both assert that none of the information LawMode provided was conditioned upon any notion of confidentiality. LawMode then attached an affidavit from Thomas Oehmke to its response, which stated, in relevant part, that "[a]ll of the trade secrets and other confidential matters of LawMode were disclosed to other personnel at LexisNexis other than Andrew O. Stein and Linda J. Barclay." (Pl.'s Resp., Ex. A ¶ 4(c).) Furthermore, LawMode claims that it never heard of Stein or Barclay until this lawsuit. (*Id.* ¶¶ 3(a) and 4(a).) While these statements do contradict LexisNexis's affidavits in a sense, it still does not assert specific facts of who the other individuals at LexisNexis were that LawMode disclosed trade secrets and other confidential information to.

At this stage, LexisNexis has raised factual evidence of two employees who worked on this project with LawMode who had no knowledge of any confidentiality requirements. Thus, the resulting factual dispute, if any, is not whether anyone at LawMode had ever heard of Stein or Barclay. Rather, LawMode's burden is to point to at least one individual

4

at LexisNexis to whom it provided information based upon an understanding of confidentiality. As noted previously, Rule 56(e) states that a party seeking to defend against a motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading," and "must set forth specific facts showing that there is a genuine issue for trial." Here, Oehmke's affidavit falls short of Rule 56(e) standard, in that it merely avers that others at LexisNexis besides Stein and Barclay received the allegedly confidential information, but provides no facts to suggest the identity of these other individuals. "Plaintiffs are not entitled 'to get to the jury on the basis of the allegations in their complaints, coupled with the hope that something can be developed at trial . . . .'" *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979) (quoting *First Nat'l Bank v. Cities Serv.*, 391 U.S. 253, 289-90 (1968)). "[S]ummary judgment [is] proper where the facts alleged in the complaint [are] directly contravened in the affidavits supporting the defendants' motion for summary judgment, and where the plaintiff's version of the facts [is] not presented in any deposition, affidavit, or other document on file, except the pleadings." *Id.*

Even if LawMode did not have access to sufficient information for it to identify these additional employees by name due to the fact that discovery has not yet been taken in this case, this is not a sufficient reason to deny LexisNexis's motion for summary judgment. In such a procedural setting, the Federal Rules of Civil Procedure grant the non-moving party some degree of protection from Rule 56(e)'s requirements. Specifically,

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

5

Fed. R. Civ. P. 56(f). LawMode made no such statement in its affidavits, and the Sixth Circuit has noted that a district court does not abuse its discretion in granting summary judgment when the non-moving party failed to take advantage of the shelter provided by Rule 56(f). *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (quoting *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986)). Thus, the fact that LawMode has yet to invoke Rule 56(f) in this case means that this Court may properly grant summary judgment at this time.[2]

### III. LAWMODE'S MOTION FOR RECONSIDERATION

As LawMode admits, its motion for reconsideration was filed one day beyond the ten-day period allowed under Local Rule 7.1(g)(1) due to the fact that "[b]oth Plaintiffs were out of town on the 'high seas' sailing on northern Lake Michigan from June 12-14 and were incommunicado." (Pl.'s Mot. for Recons. at 2.) It was only upon beginning work preparing a response to LexisNexis's motion for reconsideration on June 15 pursuant to this Court's order that LawMode "noticed a palpable error in this Court's May 31st Order . . . ." (*Id.*) Although the Court notes that LawMode does not provide any explanation of why it did not have time to discover this asserted error prior to June 12, this Court is willing to address the merits of the instant motion, despite the one-day delay in filing.

Upon a review of the pleading in this case as well as the Sixth Circuit opinion on appeal, *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478 (6th Cir. 2006), the Court concludes that LawMode's appeal did not include ¶¶ 48(d) and (g). It is true, as

---

[2]Even if LawMode had filed a proper request under Rule 56(f), the Court finds it hard to imagine how LawMode could justify a need for discovery before it could name LexisNexis employees that it allegedly provided confidential information to, given the close working relationship between the parties over a number of years.

6

LawMode asserts, that its appellate filings indicated that it was appealing this Court's December 9, 2004 Order and that it included all of ¶ 48 in those materials. Still, citing such broad portions of the record does not establish that the specific issues of ¶¶ 48(d) and (g) were actually appealed, particularly when an examination of the Sixth Circuit opinion only refers to the allegations contained in ¶ 48(b).[3] Thus, the Court concludes that LawMode has not established that it appealed the earlier dismissal of the breach of contract claim that rested on the facts alleged in ¶¶ 48(d) and (g) of the Complaint, and its motion for reconsideration is DENIED.

## IV. CONCLUSION

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby (1) GRANTS Defendant's motion for reconsideration, (2) GRANTS Defendant's motion for summary judgment as to Count II of the Amended Complaint, LawMode's good faith and fair dealing claim, and (3) DENIES Plaintiff's motion for reconsideration. Following this Order, LawMode's sole remaining claim is for breach of contract based upon ¶¶ 23(a), 23(c), 24(a), 25(a) and 26(b) of the Amended Complaint.

**SO ORDERED.**

---

[3]As this Court concluded in its May 31, 2007 Order, the Sixth Circuit opinion also reinstated the allegations contained in ¶ 48(c) despite the fact that the court did not explicitly mention that subparagraph. Reading between the lines of that opinion uncovers no such mention of the facts alleged by ¶¶ 48(d) and (g), however, so there is no reasonable inference that the Sixth Circuit also considered those two latter subparagraphs on appeal.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        U. S. District Judge

Dated: July 9, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2007, by electronic and/or ordinary mail.

                                        s/Carol A. Hemeyer
                                        Case Manager