## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ROSS, BROVINS & OEHMKE, P.C.
d/b/a LAWMODE
a Michigan corporation,

    Plaintiff,

vs.

LEXIS/NEXIS, a Division of Reed Elsevier
Group, PLC, a British Corporation, and owner
of Matthew Bender & Co., Inc., a New York
corporation, d/b/a Capsoft Development
Corporation,
    Defendant.

_____/

Case No. 03-74474
Honorable Nancy G. Edmunds
(Magistrate Judge Steven D. Pepe)

## LexisNexis's Memorandum in Response to Lawmode's Motion for Reconsideration as to Count II

Thomas H. Oehmke (P22963)
11997 E. Camp Haven Rd.
Northport, MI 49670
(231) 386-7018

*Attorneys for Plaintiff*

BUTZEL LONG
James E. Stewart (P23254)
Laurie J. Michelson (P47214)
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110

- and -

PROSKAUER ROSE LLP
Charles S. Sims*
Jordan B. Leader*
1585 Broadway
New York, New York 10036
(212) 969-3950
*Member, U.S.D.C., E.D. Michigan*

*Attorneys for Defendant*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

ISSUES PRESENTED.................................................................................................. iv

INTRODUCTION ..........................................................................................................1

    A.     None Of The Three Bases For Granting Reconsideration Is Present. .....................1

    B.     LawMode's Arguments Concerning the Barclay and Stein Declarations
            Miss The Point and Fail to Provide Any Reason for the Court to
            Reconsider its Decision.............................................................................................2

    C.     The Court Did Not Abuse Its Discretion by Granting Summary
            Judgment and LawMode's Failure to Identify Individuals at
            LexisNexis to Whom It Allegedly Communicated its Trade Secrets
            Was Only One of Multiple Failures........................................................................4

    D.     The Court Should Not Allow LawMode to Amend Its Complaint Again...............8

CONCLUSION.............................................................................................................10

i

# TABLE OF AUTHORITIES

Page(s)

Cases

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ........................................................................................................6

*Bradbury Co. v. Teissier-duCros,*
413 F. Supp. 2d 1209 (D. Kan. 2006) .............................................................................8

*Bridgeport Music, Inc. v. Diamond Time, Ltd.,*
371 F.3d 883 (6th Cir. 2004) ..........................................................................................6

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ........................................................................................................2

*First Nat'l Bank v. Cities Serv. Co.,*
391 U.S. 253 (1968) ........................................................................................................6

*GenCorp., Inc. v. Am. Int'l Underwriters,*
178 F.3d 804 (6th Cir. 1999) ..........................................................................................1

*Gregg v. Allen-Bradley Co.,*
801 F.2d 859 (6th Cir. 1986) ..........................................................................................6

*Humphreys v. Roche Biomedical Labs., Inc.,*
990 F.2d 1078 (8th Cir. 1993) ........................................................................................9

*Jensen v. Redevelopment Agency of Sandy City,*
998 F.2d 1550 (10th Cir. 1993) ......................................................................................3

*Kraft v. United States,*
991 F.2d 292 (6th Cir.),
*cert. denied,* 510 U.S. 976 (1993) ..................................................................................6

*Medspring Group, Inc. v. Feng,*
368 F. Supp. 2d 1270 (D. Utah 2005) .............................................................................3

*Nat'l Metal Finishing Co. v. BarclaysAmerican/ Commercial, Inc.,*
899 F.2d 119 (1st Cir.1990) ............................................................................................3

*Nat'l Petrochemical Co. of Iran v. The M/T Stolt Sheaf,*
930 F.2d 240 (2d Cir. 1991) ...........................................................................................8

*Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,*
  477 F.3d 383 (6th Cir. 2007) ...................................................................................................3

*The Tool Box, Inc. v. Ogden City Corp.,*
  419 F.3d 1084 (10th Cir. 2005) ...............................................................................................9

*Tri-Med Fin. Co. v. Prudential Sec., Inc.,*
  1997 U.S. Dist. LEXIS 23701 (S.D. Ohio 1997)......................................................................2

Other Authorities

6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1489 (1990)......................9

http://www.m-w.com/dictionary/aware.......................................................................................................3

http://dictionary.reference.com/browse/aware...........................................................................................3

## ISSUES PRESENTED

1.      Whether the Court should reconsider its July 9, 2007 Order granting summary judgment as to Count II of LawMode's First Amended Complaint where LawMode has failed to establish any of the bases for granting reconsideration, and where it failed to demonstrate any genuine issue of material fact in opposing the summary judgment motion.

2.      Whether the Court should grant LawMode's request to amend Count II of its complaint again, where there is no basis for vacating the Court's Order granting summary judgment and dismissing Count II, and where LawMode cannot establish any valid reason for why it failed to seek to amend its complaint prior to the claim being dismissed.

## INTRODUCTION

Nothing in LawMode's Motion for Reconsideration (the "Motion") warrants reconsideration or alteration of this Court's July 9, 2007 Order granting LexisNexis's motion for summary judgment as to Count II of the amended complaint (the "Order"). LawMode's submission (i) makes incorrect and untimely arguments about declarations submitted by LexisNexis in February, and (ii) improperly misreads one part of the Court's Order as a basis for supplying an untimely and still insufficient new declaration. Even if the Court were to consider the arguments and the new declaration, they fail as a matter of law to warrant reconsideration; or, if reconsideration were granted, reversal of the result already reached; or amendment of the complaint.

## A.    None Of The Three Bases For Granting Reconsideration Is Present.

A motion for reconsideration should be granted only if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Unlike LexisNexis's motion for reconsideration, LawMode's Motion fails to demonstrate any clear error of law, and LawMode offers neither previously unavailable evidence nor changes in intervening law. The motion should therefore be denied, without more.

None of its claims concerning alleged errors by the Court, even if correct, would constitute a clear error of law. Instead of showing some legal error, LawMode's Motion is nothing but an attempt to take a third bite out of the apple by submitting yet another declaration (the third) by Thomas Oehmke. At the time LawMode's response to LexisNexis's alternative summary judgment motion was due on March 8, 2007, Rule 56 put LawMode on clear and sufficient notice to supply whatever evidence it chose to in order to defeat summary judgment (if

1

it could) by creating a disputed issue of material fact. Recognizing that opportunity and

obligation, *Mr. Oemhke in fact filed a Rule 56 declaration which LawMode presumably deemed*

*sufficient.* The Federal Rules provide no additional opportunity, and certainly no opportunity for

a "do-over" under the guise of reconsideration once the court, considering the record compiled

under Rule 56, grants a summary judgment motion on the basis that the Oemhke declaration filed

on March 8 was insufficient as a matter of law to defeat LexisNexis's motion.

**B.     LawMode's Arguments Concerning the Barclay and Stein Declarations Miss The Point and Fail to Provide Any Reason for the Court to Reconsider its Decision**

LawMode argues (as it could have in the March 8 Oemhke declaration) that the

declarations of Linda Barclay and Andrew Stein, submitted by LexisNexis as part of its motion

for summary judgment in February, are inadmissible hearsay, and thus the Court allegedly erred

by considering them. (Mot. pp. 1-2.) This argument fails for multiple reasons.

First, as LexisNexis demonstrated in prior briefing, LexisNexis's motion put LawMode

to its proof, and summary judgment was entered because LawMode submitted no proof to permit

a jury to find for LawMode on each element of LawMode's claim. "[T]he party against whom a

claim is asserted, in this case the defendant, may move without supporting affidavit . . . Rule

56(b) specifically permits such practice." *Tri-Med Fin. Co. v. Prudential Sec., Inc.*, 1997 U.S.

Dist. LEXIS 23701, at*39 (S.D. Ohio 1997); *see also Celotex Corp. v. Catrett*, 477 U.S. 317,

323-26 (1986). Even without the declarations, LexisNexis's summary judgment motion

obligated LawMode to proffer significant probative evidence supporting each element of its trade

secret claim, and Mr. Oehmke's March 8 declaration was his opportunity (and attempt) to do so.

Thus, whether or not the Court considered the Barclay and Stein declarations, it did not need

either of them to grant LexisNexis's motion for summary judgment because LawMode failed to

2

proffer evidence to establish each of the elements of its trade secret claim.[1]  Even if the Barclay

and Stein declarations contained inadmissible hearsay, which they do not, summary judgment

was warranted.  *See* LexisNexis's July 6, 2007 Reply Memorandum of Law in support of its

motion for reconsideration [Dkt #57] at 1-3.

Second, because LawMode failed to make this argument in response to either Lexis-

Nexis's summary judgment motion or motion for reconsideration, it has waived it and cannot

make the argument now.  "Under Rule 59(e), parties cannot use a motion for reconsideration to

raise new legal arguments that could have been raised before a judgment was issued."  *Roger*

*Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 395 (6th Cir. 2007).  *See also Nat'l*

*Metal Finishing Co. v. BarclaysAmerican/ Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990)

(motions for reconsideration do not allow the losing party to "repeat old arguments previously

considered and rejected, or to raise new legal theories that should have been raised earlier").

Third, even if it had not waived this argument, LawMode is wrong.  Relying on the word,

"aware," LawMode claims that Ms. Barclay and Mr. Stein only testified in their declarations to

their beliefs, not to their knowledge.  Phrases such as "insofar as I was aware" or "I was not

aware of anything" do not indicate inadmissible hearsay.  Rather, both the Merriam Webster

dictionary and the American Heritage dictionary define "aware" as "having knowledge."[2]

Indeed, Mr. Stein declared that "during my work for LexisNexis [which was defined as including

Matthew Bender] on the Michigan forms product, I was not aware of anything that LawMode

---

[1]  The elements of a trade secret claim under Utah law (no different than Michigan law) that a plaintiff must establish to survive a motion for summary judgment are: (i) the plaintiff took measures to guard the secrecy of the information; (ii) that defendant disclosed or used the information without express or implied consent; and (iii) that defendant acquired the information improperly, or that defendant acquired the information under circumstances giving rise to a duty to maintain the secrecy.  *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1556-57 (10th Cir. 1993); *Medspring Group, Inc. v. Feng*, 368 F. Supp. 2d 1270, 1276-77 (D. Utah 2005) (discussing Utah Uniform Trade Secrets Act).

[2]  *See* http://www.m-w.com/dictionary/aware; http://dictionary.reference.com/browse/aware.

3

brought to LexisNexis that was a "trade secret" or as to which LawMode insisted on, or

LexisNexis obligated itself to, confidentiality." This statement concerns his *knowledge*, not his

*belief*. Moreover, as discussed in LexisNexis's reply brief in support of its motion for

reconsideration, just because Ms. Barclay and Mr. Stein did not communicate with LawMode

does not mean that they do not have knowledge of whether or not LexisNexis obtained trade

secrets, was bound by an obligation of confidentiality, or improperly used such confidential

information in creating its products.

**C.    The Court Did Not Abuse Its Discretion by Granting Summary Judgment and LawMode's Failure to Identify Individuals at LexisNexis to Whom It Allegedly Communicated its Trade Secrets Was Only One of Multiple Failures**

Without support, LawMode claims that the Court abused its discretion when, in the

course of granting summary judgment with respect to the trade secret claim, it observed that

LawMode failed to provide any facts to suggest the identity of any individuals to whom

LawMode allegedly communicated its trade secrets under an enforceable confidentiality

obligation.  LawMode claims that this "burden" had not been identified by the Court in any of its

earlier decisions, and the Court should have given LawMode an opportunity to "name names."

But the obligation to support each element of its claim with some evidence permitting a

jury to find for it arose from Rule 56, not from the Court's Order granting the motion.  And the

failure to identify specific individuals with whom Mr. Oehmke allegedly communicated was

only one of many respects in which LawMode utterly failed to adduce evidence sufficient to

defeat the motion.  Summary judgment was proper because the Oehmke declaration failed to

establish with specific evidence *any* element of its trade secret claim.  While the July 9 Order

highlighted one specific instance of LawMode's failure – which the Court understood would

have been a simple thing for Mr. Oehmke to have done *if he had such evidence*, which he

4

obviously did not – remedying that one failure does not remedy the failure to demonstrate specific facts supporting each element of the claim.

As LexisNexis previously demonstrated, the Second Oehmke declaration failed:

- to identify any trade secrets at all, much less (as the law requires) clearly, unambiguously, and with specificity;

- to provide a factual basis for a jury to find that LawMode had provided materials to LexisNexis or its predecessors (hereafter "LexisNexis") that were in fact trade secrets, and that they were provided under an enforceable obligation of secrecy;

- to provide a factual basis for a jury to find to that LexisNexis agreed to or was bound by any such secrecy obligations, in view of the express provision, in paragraph 12 of the Agreement, that "[t]his Agreement constitutes the entire understanding and compact between the parties" and could "be modified or amended only by a writing signed by authorized representatives of both parties";

- to provide a factual basis for a jury to find that LexisNexis breached any binding obligation of trade secrecy, when its prior sale of the LawMode product – which LawMode has continuously asserted was practically identical – was never objected to as a misappropriation of trade secrets, but concededly "incorporated" the alleged trade secrets; and

- to provide a factual basis for a jury to find that LexisNexis breached any binding obligation of trade secrecy by misappropriating any alleged trade secrets into LexisNexis's own product.

Having been apprised by LexisNexis of the numerous failures of the Oehmke declaration, LawMode was not entitled to have the Court identify, before LawMode's final submission, each and any every failure; and the decision identifying one was a sufficient basis to grant summary judgment. If, as the Court concluded, LawMode had not successfully carried its burden of adducing proof permitting a jury to find each of the necessary elements made out, the second Oehmke declaration's failure to have adduced the requisite factual support should be the end of the matter and summary judgment was warranted. Surely it was not legal error for the Court to identify LawMode's failures, nor do the Rules require the Court to have given LawMode a roadmap, or to give it now a third chance to attempt to defeat the summary judgment motion.

5

Nor does the unusual submission by LawMode, on reconsideration, of a new declaration from Mr. Oehmke, in which he (i) copies verbatim the allegations from subparagraphs (a) through (g) of paragraph 27 of the first amended complaint, then (ii) lists a number of people to whom he allegedly disclosed trade secrets based on an understanding of confidentiality, and advises that such disclosures were made "personally, on the telephone, and otherwise in writing (via fax, correspondence, and emails)" (Third Oehmke Decl.), change the result. Acceptance of this as a basis for reconsidering and vacating summary judgment would eliminate the usefulness of summary judgment, giving every losing plaintiff yet another bite of the apple. The new Oehmke declaration does not submit any evidence that was recently discovered or that could not have been previously submitted.

Indeed, it submits no evidence at all. Paragraphs (a) through (g) of the third Oehmke declaration merely copy the allegations in subparagraphs (a) through (g) of the first amended complaint. As such, they do not constitute specific factual evidence upon which LawMode may rely in opposing summary judgment. The plaintiff is not entitled to a trial merely on the basis of the Complaint's allegations; significant probative evidence must be presented to support the complaint. *See Kraft v. United States*, 991 F.2d 292, 296 (6th Cir.), *cert. denied*, 510 U.S. 976 (1993); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). "Specific facts" are required. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968). At the summary judgment phase, "the nonmoving party may not rest on his pleadings, but must come forward with evidence from which a rational trier of fact could find in his favor." *Bridgeport Music., Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 889 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) (emphasis added). The Third Oehmke declaration substituted the first paragraph in his second declaration (in which he claimed that "[A]ll facts in the First

6

Amended Complaint are true to the best of my knowledge and belief and I am competent to testify to those facts") with a verbatim repetition of some of those allegations. Copying the conclusory allegations into a declaration adds nothing whatever; LawMode's opposition still rests squarely on "the mere allegations or denials of the adverse party's pleading," and thereby fails the obligation to respond with "specific facts showing that there is a genuine issue for trial."

Three further points bear mention. First, while the new Oehmke declaration offers Mr. Oehmke's statement that he disclosed trade secrets to LexisNexis allegedly based on an understanding of confidentiality in part through written communications, it contains not a single example of such a written communication, nor does it provide any specifics, such as dates, times, or subject matter of any of the communications; and, most importantly, it offers no basis on which a binding obligation, contrary to the contract's integration clause, might have arisen. The Oehmke declaration says that *he* had an understanding of confidentiality, but does not state that LexisNexis (or its predecessors) understood that there was a duty of confidentiality with respect to information he gave to them, or identify any basis for such an obligation. On the record before the court, and even on the record now offered, no factfinder could find in LawMode's favor on Count II.

Second, the new Oehmke declaration states, "I disclosed certain trade secrets . . . based upon an understanding of confidentiality and *these disclosures were later incorporated into the Content of the Product, as well as its marketing*, which contained LawMode's Original Work." (Third Oehmke Decl.; emphasis added.) Thus, Oehmke's declaration admits that all of the alleged trade secrets became public once the LawMode product was on the market, well before the LexisNexis product was created and marketed. This clearly demonstrates that by the time in question there was no "secret" for LexisNexis to have misappropriated: what forms LawMode

7

thought were most useful and were most marketable, how they should look when automated, were known to the world. *See, e.g., Bradbury Co., v. Teissier-duCros*, 413 F. Supp. 2d 1209 (D. Kan. 2006) (holding that manufacturer failed to establish that its allegedly misappropriated plan for entering new product market was trade secret because plan lost any secret status once it was implemented).

Third, the new Oehmke declaration still does not even attempt to set forth specific evidence as to all of the other necessary elements of its trade secret claim, including that LexisNexis used LawMode's purported trade secrets in developing its products – and LexisNexis's declarations competently established that they did not.[3] The new Oehmke declaration remains silent on this point, to which there is no genuine issue of material fact.

Thus, this Court should deny LawMode's Motion for Reconsideration.

**D.     The Court Should Not Allow LawMode to Amend Its Complaint Again**

For all of the reasons discussed above, this Court should not allow LawMode to amend its complaint yet again. LawMode had a full and fair opportunity to oppose summary judgment, and failed to do so adequately. That is a basis for judgment dismissing the claim, not for a do-over.

Moreover, "once judgment has been entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Nat'l Petrochemical Co. of Iran v. The M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991) (citations omitted). To hold otherwise would enable the liberal amendment policy of Rule 15(a)

---

[3] See Barclay Decl., July 8, 2004, at ¶¶ 5-7 [Dkt #8]: "To my knowledge, no one from LexisNexis worked from the LawMode Work to determine which forms should be included in the LexisNexis Work." "I created and inserted all of the variables into the forms without reference to any other product." "LexisNexis programmers then used HotDocs® to automate the forms in accordance with the Automation Standards and my instructions. In each instance, the variables in the LexisNexis Work were created independently of the LawMode work, and LexisNexis's Automation Standards were used in creating the variables." *See also* Second Barclay Decl. ¶¶ 2-8.

to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.*, quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1489, at 694 (1990) "Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint." *Id.* As demonstrated above, there is no valid basis to vacate the Court's Order granting summary judgment and thus, the motion to amend should be denied.

LawMode's proposed amended complaint adds no new legal theories, or new claims, or new defendants; its sole change is the addition of paragraph 27.h, purporting to add a bit of interstitial detail (but at a high level of generality) to its complaint. The request to amend should fail because LawMode had numerous opportunities to seek to amend the complaint prior to the Court's granting summary judgment, but failed to do so, and it has provided no reason for its failure. Although Rule 15(a) states that leave to amend shall be freely given when justice so requires, "this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084 (10th Cir. 2005) (affirming district court's denial of motion to amend complaint after court granted summary judgment); *see also Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078 (8th Cir. 1993) ("A district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time.") (citations omitted).

9

## CONCLUSION

For all the reasons stated above, in its submissions in support of its summary judgment motion and in support of its motion for reconsideration, LexisNexis respectfully requests that the Court deny LawMode's Motion for Reconsideration and deny its request to allow it to amend its complaint.

August 14, 2007

PROSKAUER ROSE LLP
Charles M. Sims*
Jordan B. Leader*
1585 Broadway
New York, New York 10036
(212) 969-3950
*Member, U.S.D.C., E.D. Michigan

s/ Laurie J. Michelson
BUTZEL LONG
James E. Stewart (P23354)
Laurie J. Michelson (P47214)
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

s/ Laurie J. Michelson
Butzel Long
150 West Jefferson Ave., Suite 100
Detroit, Michigan 48226
(313) 225-7000
[P47214]
michelso@butzel.com