UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS, BROVINS & OEHMKE, P.C.,

    Plaintiff,

v.

LEXIS/NEXIS GROUP,

    Defendant.
    _____/

Case No. 03-74474

Honorable Nancy G. Edmunds

**ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND (2) DENYING PLAINTIFF'S ALTERNATIVE MOTION TO AMEND [59]**

This matter comes before the Court on a motion for reconsideration from Plaintiff Ross, Brovins & Oehmke, P.C., d/b/a LawMode ("LawMode"). Alternatively, LawMode moves for leave to file a second amended complaint. LawMode filed this motion on July 19, 2007 in response to this Court's July 9, 2007 Order granting summary judgment in favor of Defendant Lexis/Nexis Group ("LexisNexis") on Count II of LawMode's Amended Complaint, which was for breach of the duty of good faith and fair dealing. In support of its motion for reconsideration, LawMode identifies several perceived errors in this Court's July 9, 2007 Order. If that request fails, LawMode seeks leave to amend its Amended Complaint in order to name specific individuals at LexisNexis to whom it allegedly disclosed confidential information.

**I. Motion for Reconsideration**

Pursuant to Local Rule 7.1(g)(3), the Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by

reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

In support of this portion of its motion, LawMode asserts three separate grounds that it believes justify reconsideration here. First, LawMode contends that the declarations of two LexisNexis employees, stating that no information was exchanged between the parties under an expectation of confidentiality, are not applicable to the root question at bar. Specifically, LawMode argues that these individuals were not employees of LexisNexis's predecessors and were therefore not aware of any confidentiality that existed at other earlier times alleged in the Amended Complaint. Regardless of the timing issue, this does not remedy LawMode's failure to identify with specificity at least one individual at LexisNexis or its predecessors who it did have an understanding of confidentiality with. As an alternative ground for disregarding these two declarations, LawMode submits that they constitute inadmissible hearsay because the declarants' testimony was based upon items that the declarants were merely "aware" of, which indicates that these individuals were relying on mere beliefs rather than personal knowledge. This attempted distinction is untenable, however, given that dictionaries define "aware" as "having knowledge of something," Merriam-Webster's Collegiate Dictionary 81 (10th ed. 1999), and "having knowledge or cognizance." Webster's II New College Dictionary 78 (1995).

Finally, LawMode posits that this Court failed to read the declarations that it submitted in a light most favorable to it. Upon a review of this portion of LawMode's motion for reconsideration, the Court sees no new information that would warrant reconsidering its

earlier decision to grant summary judgment in LexisNexis's favor on this claim under Local Rule 7.1(g)(3). For these reasons, LawMode's motion for reconsideration is DENIED.

## II. Motion for Leave to Amend

As an alternative avenue of relief, LawMode seeks leave to file a second amended complaint under Fed. R. Civ. P. 15(a), which provides that "leave shall be freely given when justice so requires," in order to list specific individuals at LexisNexis which LawMode claims it had an understanding of confidentiality with. Despite this liberal standard, numerous circuit courts and commentators have recognized that granting leave to amend following a grant of summary judgment is typically inappropriate, because this would simply provide a way for litigants to avoid the otherwise final effect of a grant of summary judgment. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (collecting cases); *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); 6 Wright & Miller, *Federal Practice and Procedure* § 1489 at 684 (2d ed. 1990). In such cases, courts have held that the party seeking leave to amend must first show why the earlier judgment should be set aside or vacated before the motion to amend will be considered. *Tool Box*, 419 F.3d at 1087. Here, LawMode has failed to show why the Court's grant of summary judgment to LexisNexis on Count II should be reconsidered and a different result reached. In addition, LawMode has not demonstrated why it could not have raised more specific information in an earlier amended declaration or complaint, nor indicated how amending the complaint for a second time is necessary given this procedural posture. Accordingly, the Court concludes that justice does not require granting leave to allow LawMode to file a second amended complaint at this stage of the litigation, and this portion of LawMode's motion is DENIED.

**III. Conclusion**

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders that LawMode's motion for reconsideration is DENIED and its alternative motion for leave to amend is also DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager