UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROSS, BROVINS & OEHMKE, P.C.
d/b/a LAWMODE
a Michigan corporation,

       Plaintiff,                               Case No. 03-74474
                                              Honorable Nancy G. Edmunds
vs.                                               (Magistrate Judge Steven D. Pepe)

LEXIS/NEXIS, a Division of Reed Elsevier
Group, PLC, a British Corporation, and owner
of Matthew Bender & Co., Inc., a New York
corporation, d/b/a Capsoft Development
Corporation,
       Defendant.
_____/

## LEXISNEXIS'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT

Thomas H. Oehmke (P22963)              BUTZEL LONG
11997 E. Camp Haven Rd.                   James E. Stewart (P23254)
Northport, MI 49670                           Laurie J. Michelson (P47214)
(231) 386-7018                                350 South Main Street, Suite 300
                                               Ann Arbor, Michigan 48104
*Attorneys for Plaintiff*                       (734) 995-3110

                                               - and -

                                               PROSKAUER ROSE LLP
                                               Charles S. Sims*
                                               Jordan B. Leader*
                                               1585 Broadway
                                               New York, New York 10036
                                               (212) 969-3950
                                               *\* Member, U.S.D.C., E.D. Michigan*

                                               *Attorneys for Defendant*

Defendant LexisNexis, a division of Reed Elsevier Group, PLC ("LexisNexis") by its undersigned attorneys Butzel Long and Proskauer Rose LLP, for its Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff LawMode, hereby responds to each numbered paragraph as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. The allegations in paragraph 3 state legal conclusions as to which no answer is required.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5, except admits that HotDocs® is a computer software application owned by LexisNexis, and at certain times, LexisNexis had a Content Development Agreement with LawMode allowing LawMode to use HotDocs® to automate the generation of certain legal forms.

6. Defendant denies the allegations in paragraph 6, except admits that the last release of any product by LexisNexis that contained LawMode's work was entitled *LexisNexis*™ *Automated Michigan Forms* (2543 Release August 2001 ISBN 82054-32-84).

**7.** Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8, except admits that prior to Capsoft Development Corporation's ("Capsoft") agreement with LawMode, Capsoft had developed and sold automated legal forms for the state of California.

9. Defendant denies the allegations in paragraph 9.

1

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14 and each of its subparagraphs, except admits the allegations in subparagraphs 14.a. and 14.b.

15. Defendant states that that the allegations in paragraph 15 were pertinent only to claims that have been dismissed, and therefore no response is required.

16. Defendant states that that the allegations in paragraph 16 were pertinent only to claims that have been dismissed, and therefore no response is required.

17. Defendant states that that the allegations in paragraph 17 were pertinent only to claims that have been dismissed, and therefore no response is required.

18. Defendant states that that the allegations in paragraph 18 were pertinent only to claims that have been dismissed, and therefore no response is required.

19. Defendant denies the allegations in paragraph 19, and respectfully refers the Court to the November 2, 2001 termination letter for a full statement of its contents.

20. Defendant denies the allegations in paragraph 20, except admits that it released a product, entitled *LexisNexis TM Automated Michigan SCAO Forms* (2584 Release ISBN 82055-44-48) in or about July 2002 and another product, entitled *LexisNexis TM Automated Forms* (2584 Release ISBN 82055-44-48), in or about April 2003.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Defendant states that that the allegations in paragraph 22 were pertinent only to claims that have been dismissed, and therefore no response is required.

## COUNT I

Defendant repeats its answers to paragraphs 1-22 above as if fully set forth herein.

23.     Defendant denies the allegations in paragraph 23.

   a. Defendant denies the allegations in subparagraph 23.a.

   b. The allegations in subparagraph 23.b. were dismissed and no response is required.

   c. Defendant denies the allegations in subparagraph 23.c.

   d. The allegations in subparagraph 23.d. were dismissed and no response is required.

24.     Defendant denies the allegations in paragraph 24.

   a. Defendant denies the allegations in subparagraph 24.a.

   b. The allegations in subparagraph 24.b. were dismissed and no response is required.

   c. The allegations in subparagraph 24.b. were dismissed and no response is required.

25.     Defendant denies the allegations in paragraph 25.

   a. Defendant denies the allegations in subparagraph 25.a.

   b. The allegations in subparagraph 25.b. were dismissed and no response is required.

26.     Defendant denies the allegations in paragraph 26.

    a. The allegations in subparagraph 26.a. were dismissed and no response is required.

    b. Defendant denies the allegations in subparagraph 26.b., except admits that it sold a certain number of copies of a product containing LawMode work after the termination of the parties' agreement, and states that it fully compensated LawMode for those sales.

## COUNT II

27. Count II was dismissed and no response to the allegations in paragraphs 27-29 is required.

## COUNT III

28. Count III was dismissed and no response to the allegations in paragraphs 30-38 is required.

## COUNT IV

29. Count IV was dismissed and no response to the allegations in paragraphs 39-56 is required.

## DEFENSES

1. The First Amended Complaint fails in whole or in part to state a claim for relief.

2. The claims remaining in the First Amended Complaint and the relief sought therein are barred, in whole or in part, because Plaintiff has failed to mitigate damages, if any.

3. The claims remaining in the First Amended Complaint and the relief sought therein are barred by the doctrines of laches, waiver, estoppel, and other applicable equitable doctrines.

5

4. The claims remaining in the First Amended Complaint and the relief sought therein are barred, in part, by the doctrine of accord and satisfaction.

5. The claims remaining in the First Amended Complaint and the relief sought therein are barred, in whole or in part, by the applicable statute of limitations.

6. Defendant reserves the right to assert additional defenses that it learns of through discovery or other investigation.

September 12, 2007

|  |  |
|---|---|
| PROSKAUER ROSE LLP<br>Charles M. Sims*<br>Jordan B. Leader*<br>1585 Broadway<br>New York, New York 10036<br>(212) 969-3950<br>* Member, U.S.D.C., E.D. Michigan | s/ Laurie J. Michelson<br>BUTZEL LONG<br>James E. Stewart (P23354)<br>Laurie J. Michelson (P47214)<br>350 South Main Street, Suite 300<br>Ann Arbor, Michigan 48104<br>(734) 995-3110<br>[P47214]<br>michelso@butzel.com<br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                                           s/ Laurie J. Michelson
                                           Butzel Long
                                           150 West Jefferson Ave., Suite 100
                                           Detroit, Michigan 48226
                                           (313) 225-7000
                                           [P47214]
                                           michelso@butzel.com